[No. 12840.  In Bank. — December 2, 1889.]

IN THE MATTER OF THE ESTATE OF HENRY C. GRIDER, DECEASED.

CONTEST OF RIGHT OF INHERITANCE — TIME FOR APPEAL. — Under section 1664 of the Code of Civil Procedure, an appeal must be taken from a judgment or order made upon a petition to establish the right of inheritance within sixty days from the date of the entry of the judgment or order, and an appeal from a judgment rendered upon a contest of such right taken more than sixty days after the date of the entry of judgment is too late.

WILL — OMISSION TO PROVIDE FOR CHILDREN — RIGHT OF INHERITANCE — TENANCY IN COMMON. — A will providing only for the widow of the deceased, and omitting to provide for his children, and failing to show affirmatively that the omission to provide for them was intentional, does not deprive them of their legal right to inherit the same as if the father had died intestate; and they become tenants in common with the widow in all the real property of the deceased subject to administration, their proportion depending upon whether the property was community property or the separate property of the decedent.

ID. — DECREE OF PARTIAL DISTRIBUTION — RES ADJUDICATA — JURISDICTION. — A decree of partial distribution of the estate of a decedent adjudging that all the interest of the widow in certain specified real estate has passed to her vendee, and setting apart to him her estate in the land, does not confer upon him any greater title than she possessed in law, and makes him only a tenant in common with children of the decedent omitted from the will, though the whole land was devised to the widow. The court had no power to adjudicate any other or greater title in him under his petition for distribution claiming that he had succeeded to all the interest of the devisee in the land described; and the decree, if construed to set apart to him the whole of the land, is a nullity as respects the interests of the omitted children. (BEATTY, C. J., and WORKS, J., dissenting, hold that the decree should be construed to distribute the whole of the land described, and though erroneous, is conclusive of the whole title as against a collateral attack, the recitals in the decree of due notice, etc., being conclusive as to the jurisdiction of the court in the absence of evidence to impeach them, and the judgment having never been reversed upon appeal.)

ESTATES OF DECEDENTS — LIMITATIONS — ADVERSE POSSESSION PENDING ADMINISTRATION — TENANCY IN COMMON. — So long as the administration of an estate remains unclosed, the successor in interest of one of the distributees who enters into possession of land under a decree of partial distribution cannot acquire title by limitation or adverse possession as against those who are legally entitled to claim an interest in the land as tenants in common, though he claims title to the whole of the land, and pays all taxes thereon.

TENANCY IN COMMON — ADVERSE POSSESSION. — A tenant in common can-
not show title by adverse possession against his co-tenant, in a case
where such title is possible, without bringing himself by proof within
the rule that notice of his adverse claim must be brought home actually
or constructively to the co-tenant.

APPEAL from a judgment of the Superior Court of Lake County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*McGee & Barham*, for Appellant.

*J. C. Bates*, for Respondent.

Fox, J. — H. C. Grider died May 29, 1872, seised of the lands involved in this proceeding. He left a widow, Sarah, or Sallie, Grider, and three children, N. G. Grider, T. S. Grider, and E. E. Grider, then aged, respectively, fourteen, twelve, and eight years. He also left a will, making his widow sole devisee, and wholly omitting all provision for or mention of his children, or of either of them. On or about the twenty-fourth day of June, 1872, said will was admitted to probate by the probate court of the county of Lake, and letters testamentary issued to said Sallie Grider. Administration of the estate has never been closed.

The present proceeding is one inaugurated in the superior court of that county, sitting in probate, by petition filed by said children under section 1664 of the Code of Civil Procedure, under which such proceedings have been had as that R. D. Merritt, the respondent herein, appeared and set up a claim that he was the sole owner in fee of the real estate described in the record, the same having been acquired through a chain of mesne conveyances from Sarah Grider down to himself, and a decree of partial distribution of said estate of H. C. Grider, made to him as successor in interest of said Sarah Grider by the said probate court on the twenty-second day of December, 1875. Upon this claim issue was

joined and a trial had, resulting in a judgment in favor of said Merritt, from which, and from an order denying a new trial, this appeal was taken.

The court finds the facts in regard to the death of said Grider, his seisin in the land, his survivors, the making and probate of the will, and the terms thereof, as hereinabove stated. It fails to find whether or not said Sarah Grider ever conveyed her interest, or any interest, in the real estate described in the complaint to any person, or whether or not there is any conveyance, or chain of conveyances, connecting the title claimed by this respondent with the said Grider title. But it does find, and recites, in the fifth finding, that on the 22d of December, 1875, in the probate court, and on the petition of said respondent, a judgment was entered in the matter of said estate, which judgment it sets out *in hæc verba*. That judgment, after reciting the jurisdictional facts, some of which are not otherwise proved in the record, proceeds to adjudge and determine that the petitioner, R. D. Merritt, "has succeeded to all the rights, title, and interest of said Sallie Grider, the sole devisee of the last will and testament of said H. C. Grider, deceased, and is entitled to the share of said estate in his petition and hereinafter described." And it further proceeds to decree that the real estate described in the petition, describing the same (and being the same described in the complaint in this cause), "be distributed to the said R. D. Merritt, upon his giving bond," etc. And finally adjudges: "It is adjudged and decreed that the estate hereinbefore described is hereby finally distributed and set apart to said petitioner, R. D. Merritt, free and clear from further administration in said estate." The court further finds that the plaintiffs herein have never had set apart or distributed to them any part or parcel of said estate. In the sixth finding, after reciting the will, the court finds "that the said petitioners, appellants herein, are not, nor is either of them, now, or at

the time of filing their petition herein were, entitled to have any share or interest in the land and premises described in the petition herein set apart or distributed to them, or either of them." In the seventh and last finding of fact the court finds that the respondent here "claims" and "has a title to the land and premises described in the petition herein, and the whole thereof, from a separate and independent title from that of H. C. Grider, deceased, as follows"; and then proceeds to set out that on the 14th of August, 1872, the said R. D. Merritt entered into the possession of the premises under an instrument in writing purporting to convey to him the premises, and the fact of his continuous, notorious, uninterrupted, and exclusive possession and enjoyment since that time, paying the taxes, etc.; that such possession has been adverse to the petitioners and to all the world. And as a conclusion of law the court finds that the plaintiffs' or petitioners' cause of action is barred by the statute of limitations.

One of the provisions of the section of the code under which the proceeding is brought is, "that all appeals herein must be taken within sixty days from the date of the entry of the judgment or the order complained of." This appeal was not taken until more than sixty days after the date of the entry of the judgment. It follows that the appeal from the judgment is too late, and the case can only be considered on the appeal from the order denying the motion for new trial.

On the trial, the plaintiffs or petitioners having made out a *prima facie* case on their part, and rested, the respondent offered in evidence, separately, the petition for partial distribution, filed by him in 1875, and the order of distribution made thereon, to each of which the plaintiffs objected, the objection was overruled, exception taken, and upon such exception error is assigned. If the ground of objection had been properly stated, we should have no hesitation in holding that it was error to

admit either of these papers in evidence. But it is doubtful whether the ground of objection stated was sufficient, and as the error, if one, was not prejudicial to the appellants, it is unnecessary to pass upon that question.

The motion for new trial was also made upon the ground of insufficiency of evidence to justify the decision. The first specification of insufficiency reads as follows: "There is no evidence to justify that part of the sixth finding wherein it is found 'that the petitioners are not, nor is either of them, now, or at the time of filing their petition herein were, entitled to have any share or interest in the land described in the petition herein set apart or distributed to them, or either of them,' in that the evidence shows that said last will of said deceased, by its terms, devises the whole of said lands of deceased to said Sallie Grider, and that deceased wholly omitted to provide therein for either of petitioners, and that such omission was not intentional, and that said petitioners, and each of them, are entitled to have and receive the same share of said lands as if deceased had died intestate."

This specification is not artistically drawn, but it is sufficient, and the point made by it is, in our judgment, well taken. There is no conflict in the evidence establishing the fact that Grider died seised of this land, leaving a widow and three children, the petitioners in this case, leaving a will in which he attempted to devise all his property to his said widow, and making no mention whatever of his said children, or of either of them. There is an entire failure to show that the omission to provide for them was intentional. Under these circumstances the law gave to the children the same interest in the estate as if the father had died intestate. (Civ. Code, sec. 1307; *Pearson* v. *Pearson*, 46 Cal. 609; *Estate of Wardell*, 57 Cal. 484.) The widow, therefore, became only a tenant in common with her children in this real prop-

erty, all taking subject to administration; the exact pro-
portion of the interest of each depending upon whether
the real property was community property or the sepa-
rate property of the decedent,—a question of fact upon
which no light is thrown in this record.   The undis-
puted evidence offered and given by the respondent
himself is, that he entered into possession, claiming
title, in 1872, under a conveyance from Mrs. Grider to
one Gibson and from said Gibson to himself, and he
testifies that it has been fenced, cultivated, and pastured
ever since Gibson got it from Mrs. Grider.   The petition
and order introduced by him show that in 1875 the
estate under which he entered and claims was still in
probate, and this proceeding is based upon the fact that
it is still in probate.   The law charges him with notice
of its own provisions, and that, under it, his grantor,
Mrs. Grider, was not the sole owner of the property, but
only a tenant in common with her children, and that
the property was subject to administration.   He acquired
no right except such as she had,—that of a tenant in
common,—and entered as such.   His possession was, and
has ever since been, that of a tenant in common only,
and if his moiety was relieved from administration, it
was only so because he had given bonds to pay his pro-
portion of the debts and expenses of administration.

Our attention is called by respondent to the fact that the
fifth finding is not attacked by any of the specifications.
This is probably for the reason that, with the exception
of the concluding sentence, which is, that the petitioners
here have never had any portion of the estate distrib-
uted to them, the finding is entirely of probative and
not of ultimate facts, and as it is a mere repetition of
evidence which is undisputed, it was not the subject of
attack.   But the probative fact here recited is the corner-
stone upon which the whole superstructure of ultimate
fact found in the seventh finding rests, and is insuffi-
cient to support that superstructure.   The fifth finding,

with the exception of the concluding sentence above referred to, consists of a recital of the alleged decree of distribution in favor of respondent. It is upon the faith of this decree, and the conveyances from Sallie Grider to Gibson, and from Gibson to Merritt, that the court bases the ultimate conclusion of fact found in the seventh finding, that said Merritt "has title to the land described . in the petition herein, and the whole thereof"; and these facts do not support that finding. As before said, under his deeds he got no greater interest in the land than Sarah Grider had. Under the said order or decree of distribution, the court "adjudged, decreed, and determined," that said petitioner, Merritt, "has succeeded to all the right, title, and interest of said Sallie Grider, . . . . and is entitled to the share of said estate in his petition and hereinafter described." And after describing the land, fixing the bond to be given, etc., "it is further adjudged and decreed that the estate hereinbefore described is hereby finally distributed and set apart to said petitioner, R. D. Merritt," etc. What estate? The interest of the said Sallie Grider in the land described. And this conclusion is strengthened by reference to the petition, to which the order itself refers, where the petitioner declares that he has "succeeded to a *certain part* of the real estate left by said decedent," by deed from said Sallie Grider. It not appearing that any real estate was left by said decedent, except that described in his petition and decree, the words "a certain part" can have no other meaning than "a certain interest in." In another part of his petition he says he "has succeeded by mesne conveyance to all the interest of said devisee," etc. Nowhere in the petition does he claim that his succession is to the entire interest in the property.

If this decree of distribution is to be construed in any other form than as simply a decree recognizing the petitioner therefor as having succeeded to the interest of

Sallie Grider, and distributing to him the interest in this realty to which she was entitled, it is a nullity; for that is all that the court in that proceeding and under that petition had the power to do. Whether good or bad, the only purpose it serves in this proceeding is to show the respondent here entered as tenant in common with these appellants. The administration of the estate into which he entered as successor in interest to one of the distributees has never been closed, and he cannot, pending the administration, acquire title against his co-tenants by limitation, as the court has found that he did do. The seventh finding, in addition to what has already been said of it, finds that respondent has acquired a title independent of the Grider title, and proceeds to show how. But that showing is purely under the statute of limitation, after entry under the Grider title as hereinbefore stated. Entering as he did as a tenant in common with them, under the same common title, he has not brought himself by his proof within any rule which would enable him to acquire a title by limitation against a co-tenant, even if such a thing could be possible, in favor of one distributee of an estate against another distributee, pending administration.

The order denying a new trial is reversed, and the cause remanded.

McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.

BEATTY, C. J., dissenting.—I dissent. As I construe the decree of December 22, 1875, it distributes the whole of the property in controversy to the respondent, and if valid, invests him with the title. No doubt the decree was erroneous, as being founded upon an erroneous conclusion as to the effect of Henry C. Grider's will; but never having been reversed on appeal, the decree is binding upon the appellants, if, as to them, the court acquired

jurisdiction to make it. As to this, it seems to me that upon collateral attack, in the absence of any evidence to impeach it, the recitals in the decree of due notice, etc., are conclusive.

WORKS, J.—I concur in the dissenting opinion of the chief justice.

Rehearing denied.