[Sac. No. 418. Department Two.—April 28, 1898.]

MARY A. BRIND, Administratrix, etc., of James Gregory, Deceased, Appellant, v. JOHN H. GREGORY, Guardian, etc., et al., Respondents.

APPEAL—NEW TRIAL—JUDGMENT—STATEMENT OF CASE.—A document printed in the transcript, purporting to be a statement on motion for a new trial, cannot be considered on an appeal from the judgment, under

section 950 of the Code of Civil Procedure, unless it affirmatively appears that a motion for a new trial was made and passed upon by the trial court, and that the statement was used thereon.

ADVERSE POSSESSION—ERRONEOUS JUDGMENTS.—Decrees of distribution and partition, although erroneous at the time they were entered, may be the foundation for the acquisition under them of title by adverse possession.

APPEAL from a judgment of the Superior Court of Placer County.  W. H. Grant, Judge.

The facts are stated in the opinion of the court.

James Gartlan, for Appellant.

F. P. Tuttle, for Respondents.

McFARLAND, J.—This is an action brought by the plaintiff as administratrix of the estate of James Gregory, deceased, to recover possession of certain described lands alleged to belong to the estate of said Gregory.  There are several defendants.  In their answer they deny all right of possession of plaintiff, and each one of them sets up ownership to a part of the land in contest.  Each defendant avers that he has been in the exclusive and adverse possession of the part of the land claimed by him for more than five years before the commencement of the suit, and pleads the statute of limitations.  Judgment went for the defendants, and the plaintiff appeals from the judgment.

There appears in the printed transcript what purports to be an "engrossed statement on motion for a new trial"; and appellant contends that he has a right to have this statement considered on this appeal from the judgment under the provisions of section 950 of the Code of Civil Procedure.  But that section merely provides that any statement "used on motion for a new trial" may be considered on an appeal from a final judgment.  In the case at bar it does not appear that any motion for a new trial was ever made or passed upon by the court; and therefore it does not appear that the statement printed in the transcript was ever used on motion for a new trial.  It does not come within the provision of said section 950; and on this appeal we can look only to the judgment-roll.

The judgment-roll makes a very meager presentation of the case, and it is somewhat difficult to discover what the points upon

appeal are. But the court found that each of the defendants had been in the actual and adverse possession of the portion of the land claimed by him, asserting the title thereto and holding it against all the world, for more than five years before the commencement of the suit; and there is nothing in the record which shows this finding to be erroneous. It seems that the respondents originally claimed under certain decrees of distribution and partition, and appellant now contends that these decrees were invalid. But whether or not these decrees were erroneous at the time they were entered, they certainly afforded the foundation for the acquisition under them by respondents of title by adverse possession and we see nothing in the record to warrant us in overruling the finding of the court to that effect. The court also finds that in 1891 the present plaintiff, and others joined with her as plaintiffs, brought a suit against the defendants in this case to have it adjudged that they, the plaintiffs therein, were the owners and entitled to the possession of certain undivided interests in the land described in the complaint in the present action; that said action was determined against the plaintiffs therein; that on an appeal to this court the judgment therein was affirmed, and that the plaintiff herein was thereby estopped from maintaining this present action. That case, entitled *James W. Gregory et al. v. John H. Gregory et al.* is reported in volume 102 of California reports, commencing at page 50, and from the record in the present case it is difficult to say what effect that decision had upon the case at bar. As an authority, however, it seems to have determined that the land in contest here does not belong to the estate of James Gregory, deceased, and that the present respondents have a good title to the land by adverse possession. But it is not necessary for the purposes of the present case to determine whether or not the decision in *Gregory v. Gregory* strictly estops the plaintiff from maintaining this action. We see nothing upon the face of the judgment-roll in the case at bar—in view of the principle that all presumptions are in favor of the judgment—that would warrant us in disturbing the judgment herein.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing-in Bank denied.