## HYSMITH *v.* PATTON.

### Opinion delivered March 12, 1904.

1. WILL—CONSTRUCTION.—A will provided as follows: "I hereby will and devise to my wife * * * the homestead upon which I now reside [describing same]. Also all of my personal property I may have at my death, and to hold the same in her own right during her natural life or widowhood." *Held,* that the widow took a fee in the homestead.   (Page 298.)

2. REAL ESTATE—ADVERSE POSSESSION.—Where a will made no disposition of after-acquired land, and the executrix sold such land, under an order of the probate court, to one who reconveyed it to her individually, and she openly held adverse possession thereof under the deed for more than seven years, she acquired title.   (Page 299.)

Appeal from Woodruff Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Suit by E. J. Hysmith and others against T. J. Patton, executor of Jane Hysmith, and others.   Both parties have appealed.   Reversed in part.

*W. T. Trice* and *N. W. Norton,* for appellants.

The will gave Jane Hysmith a life estate. 53 N. Y. 351; 95 U. S. 594; 51 Ark. 61. Plaintiffs are not barred. 60 Ark. 70; 58 Ark. 510; 53 Ark. 400; Wood, Lim. 528.

*T. D. Patton, C. F. Greenlee,* for appellees.

There was no fraud in the sale ordered by the probate court. Sand. & H. Dig. § 197. The statute of limitations applies. Sand. & H. Dig. § 4818. The sale was a judicial one. 47 Ark. 419; 54 Ark. 641; 46 Ark. 25. After a fee is devised, it cannot be cut down to a less estate by a subsequent clause. 103 N. Y. 453; 1 Kerr, 344.

BATTLE, J. William Hysmith in his lifetime owned a homestead consisting of lot No. 12 of the southwest quarter of the northwest quarter of section 3, in township 4 north, range 3 west, in Woodruff county, in this state. He also owned personal property. On the 3d day of February, 1876, he made his last will and testament as follows:

"First, I will my body to the mother earth and my soul to the God who gave it. I hereby will and bequeath and devise all and singular my personal and real estate as follows: After paying all my just debts and burial expenses, I will that the residue of my personal effects go to my beloved wife Jane.

Item 1st. I hereby will and devise to my beloved wife, Jane, forty acres of land (40), the homestead upon which I now reside, the same being lot No. 12 of the southwest quarter of the northwest quarter of section 3, in township 4 north, range 3 west, all in Woodruff county, Arkansas. Also all of my personal property I may have at my death, and to hold the same in her own right during her natural life or widowhood, consisting of horses, cattle, hogs, etc. Also all my household and kitchen furniture, farming tools, wagon, buggy, guns, etc., and hereby nominating and appointing my beloved wife, Jane, executrix of this my last will and testament. At my residence on Jones' Hill, in Woodruff county, Arkansas, on this 3d day of February, 1876."

In addition to the land described in the will, he acquired southeast quarter of southeast quarter of section 35, township 5 north, range 3 west, and lot 1 in section 3 and lot 5 in section 4,

in township 4 north, in range 3 west. He acquired this land and personal property after the execution of his will. He died, in the year 1883, leaving his wife, Jane Hysmith, surviving him. The will was probated and recorded. Letters testamentary were issued to his widow, and she qualified as executrix. She procured an order of the proper probate court directing her to sell the land acquired after the execution of the will. In pursuance of the order, she sold it, and E. Copeland purchased it for her at the sale, which was confirmed on the 4th day of May, 1885. On the 28th of November, 1887, she conveyed to him according to his purchase, and on the same day he reconveyed it to her in her individual capacity. She thereafter openly held adverse possession of the land until her death in May, 1900. The heirs of William Hysmith, deceased, brought this suit against the executor and devisees of Jane Hysmith, deceased, on the 15th day of September, 1900, in the Woodruff chancery court, to set aside the deed executed by her and Copeland, and to recover the lands devised by William Hysmith, deceased, and the land acquired by him after the execution of his will. After hearing proof of the foregoing facts, the court rendered a decree in favor of the plaintiffs for the lands devised, and a decree in favor of the defendants for the other land, and both parties appealed.

William Hysmith says in his last will and testament: "I hereby will and bequeath and devise all and singular my personal and real estate as follows." He thereby declares his intent to dispose of his entire property in fee. He then says: "After paying all my just debts and burial expenses, I will that the residue of my personal effects go to my beloved wife, Jane. Item 1st. I hereby will and devise to my beloved wife, Jane, forty acres of land (40), the homestead upon which I now reside, the same being lot No. 12 of the southwest quarter of the northwest quarter of section 3, in township 4 north, range 3 west, all in Woodruff county, Arkansas." Thus far no limitation upon the estate of the property bequeathed and devised is expressed. This is consistent with the statement in which he said, "I hereby will and bequeath and devise all and singular my personal and real estate as follows." But he adds, "Also all of my personal property I may have at my death, and to hold the same in her own right

during her natural life or widowhood, consisting of horses, cattle, hogs, etc. Also all my household and kitchen furniture, farming tools, wagon, buggy, guns," etc. He thereby made an exception of his personal property, and bequeathed it to his wife for her lifetime or widowhood, and, in order to prevent any mistake as to what property shall go to the wife for life or widowhood, particularly specified what it shall be. This is the only exception he makes to the declaration that he wills, bequeaths and devises all and singular his personal and real estate. This indicates that he intended to devise the lands constituting his homestead to his wife in fee. In devising it, he uses language which is generally understood by the unprofessional mind to carry the estate in fee. It may be that she had assisted him in acquiring, beautifying and making comfortable the homestead, and that he thought that she was entitled to hold it in fee upon his death, and would not deprive her of it in the event of her marriage, as he did, in that event, of the personal property. But, be this as it may, we think that his intention was to devise the land to his wife in fee, and we hold that is the effect of the will.

He made no testamentary disposition of the land he acquired after the execution of his will and before his death. His executrix sold it under an order of the proper probate court, and caused Copeland to purchase it, and conveyed it to him, and on the same day he conveyed it to her; and she openly held adverse possession thereof under the deed for more than seven years before the commencement of this suit, and thereby acquired title thereto.

The decree is therefore reversed as to the land devised, and affirmed as to the other, and the cause is remanded with instructions to the court to enter a decree in accordance with this opinion.