[L. A. No. 2147. In Bank.—December 2, 1910.]

ROBERT BLAIR, Respondent, v. GEORGE W. HAZZARD, as Administrator with the Will Annexed of the Estate of S. S. Clark, Deceased, Appellant.

WILL.—DEVISE TO TRUSTEES—SALE BY TRUSTEES UNDER POWER WITHOUT ORDER OF COURT—TITLE PASSES SUBJECT TO ADMINISTRATION.— Where land is devised by will to trustees, with a valid power to sell and apply the proceeds to certain valid trusts, the legal title vests in them, and they have power to convey that title, subject to adminis-
CLVIII Cal.—46

tration, without obtaining a prior order of the court in probate authorizing the conveyance. The fact that the deed from the trustees erroneously recites that it was made in pursuance of an order of court would not prevent the legal title from passing to the grantee, subject to administration.

ID.—GRANTEE PENDING ADMINISTRATION—ADVERSE POSSESSION AGAINST ESTATE.—Neither a devisee of real property nor his grantee entering into possession by virtue of title actually or colorably derived from the estate, and asserting title from no other independent source, can acquire a title against the estate by adverse possession so as to relieve the property from the statutory requirement that it shall be subject to the demands of administration.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellant.

Sam Ferry Smith, and Collier, Smith & Hoff, for Respondent.

HENSHAW, J.—This is an action to quiet title. In 1873 S. S. Clark died testate, leaving real estate situated in the county of San Diego. His will was originally admitted to probate in Hamilton County, Ohio, and subsequently ancillary letters of administration with the will annexed issued from the probate court of San Diego County to Henry Pearce as sole executor. Henry Pearce continued so to act as the executor until his death in 1888. The land here in controversy was a part of the property of Clark's estate and by his will was devised to Henry Pearce, Christopher Cockrill, and Mary Clark as co-trustees with power of sale. Subsequent to the death of Pearce the surviving trustees sold the property to plaintiff for full value. At the time of their sale the property had not been distributed to them as trustees, nor has it since been distributed to them or to Blair as their grantee. In fact, upon the death of Pearce, administration of the estate was suspended until March, 1905, some seventeen years after this sale, when appellant was appointed administrator. This administrator concedes the

validity of the deed by the trustees to carry title to Blair, but insists that the title and right of possession were subordinate to the requirements of administration, that the title was taken subject to administration, and that thus the estate controls the title for the purposes of distributing the property and subjecting it to its proper share of the expenses of administration which, in this case, there admittedly being no creditors' claims, means merely administrator's fees, attorneys' fees and necessary probate fees.

Thereupon, plaintiff brought this action to quiet title charging in two counts, first, title under the deed, second, by adverse possession. The defendant joined issue upon the asserted title by adverse possession, admitting legal title by virtue of the trustees' deed and alleging, as above set forth, that such title was taken in subordination to the statutory right of administration.

The court found that the superior court of San Diego had never appointed Christopher Cockrill or Mary Clark, or either of them, trustees of the estate of Clark, and that it never made an order or decree authorizing or empowering them, or either of them, to make the conveyance, but that Blair paid for the property full value believing that he was acquiring good and complete title thereto, that he entered under a claim of right based upon his deed and continued in possession of it, paying all taxes thereon and holding it under his claim of title adversely to the whole world. It concluded that Hazzard, as administrator, had no right, title, or claim upon the property for the purposes of administration or for any other purpose whatsoever, and the decree followed accordingly. Upon this appeal it is insisted that the trustees who executed the deed to Blair were devisees of the fee of the property, that they took the legal title thereto upon valid trusts and with power to sell and that their sale carried title notwithstanding it was not preceded by an authorizing order or followed by a confirmatory order of the court of probate. Over these propositions there is no controversy, the question in dispute being simply this: Did the title which plaintiff thus acquired, or his asserted title by adverse possession, relieve the land from its share of the burdens of administration?

By the bill of exceptions it is declared that the real prop-

erty here in question "was devised . . . to Henry Pearce,
Christopher Cockrill and Mary Alnette Clark as co-trustees
with power to sell and with directions to apply the proceeds
of said sale to certain valid trusts." The questions of the
validity of the trusts and of the power to sell being thus elim-
inated, the trustees unquestionably took legal title with power
to convey that title subject to administration. (*Jordan* v.
*Fay,* 98 Cal. 264, [33 Pac. 95]; *Martinovich* v. *Marsicano,*
137 Cal. 354, [70 Pac. 459].) The deed, it is true, recites
that the superior court of San Diego made its order authoriz-
ing the trustees to sell, and further recites that they are
selling "pursuant to and in accordance with the authority,
power and discretion, in the aforesaid decree and order of
the superior court.", and these recitals the court found to
be untrue, but, nevertheless, that would not impair the valid-
ity of the trustees' deed which, in terms, is a deed, by the
trustees of the estate of Sydney S. Clark, deceased, under
the last will and testament of Sydney S. Clark, deceased
and which they could validly execute without order of court.
(*Estate of Delaney,* 49 Cal. 76; *Estate of Williams,* 92 Cal.
183, [28 Pac. 227, 679]; *Morffew* v. *S. F. & S. R. R. Co.,*
107 Cal. 587, [40 Pac. 810]; *Estate of Pforr,* 144 Cal. 121,
[77 Pac. 825]; *Estate of O'Conner,* 2 Cal. App. 475, [84
Pac. 317].) The deed is executed by the grantors as trustees
and conveys the title which as devisees they took under the
will of Clark. It will not be disputed that a grantee of a
devisee under a will takes title subject to administration.
(Code Civ. Proc., secs. 1452, 1581.)

The case thus presented is one where the grantee believed
he acquired absolute title to real property since he would
not have paid its full value otherwise, and where, in fact, he
did acquire the title of the estate thereto, including the right
of possession with the one statutory reservation that the prop-
erty was still subject to the demands of the estate and of its
representatives for the purposes of the administration. The
grantee enters under this deed, exercises the fullest dominion
and control over the land. He probably was in ignorance of
the liabilities which the statute imposed upon his title, namely,
that it was subject to the demands of administration, and
thought that he was holding adversely to the whole world,
including the estate from which his title was deraigned.

The question is, can a devisee of an estate or a grantee of a devisee entering into possession of realty by virtue of title actually or colorably derived from the estate and asserting title from no other independent source acquire, under these circumstances, a title against the estate by adverse possession so as to relieve the property from the statutory requirement that it shall be subject to the demands of administration. This question must be answered in the negative: First, because to answer it otherwise would be to repudiate, indeed to obliterate, the provisions of the code which contemplate and declare that throughout administration and until the close thereof, whether the real property be in the possession of the executor or administrator or in the possession of devisees or heirs, it shall be subject to administration and chargeable with its proportionate share of the expenses of administration. If a sale becomes necessary it may even be retaken from the heir or devisee and sold to the extinguishment of his title. It is to be remembered that it is merely through the indulgence of the present law that the heir or devisee is entitled to possession at all until after distribution (*Meeks* v. *Hahn,* 20 Cal. 628), and it was never in the contemplation of the law that by granting the favor to the heir or devisee of possession during administration it should be made possible to set up in hostility to the estate a title by adverse possession which would thus defeat one of the primary objects of probate, namely, that all the property of the deceased saving such as is exempt from execution should be first chargeable with his debts.

Second, from the very nature of the case title by adverse possession cannot be acquired against the administrator or executor. Such a title would be as foreign to our law as would be the claim of a tenant that he had acquired title by adverse possession against his landlord while holding under strict tenancy. The entry of a devisee or heir under such circumstances and his holding after, as matter of law, cannot be in hostility to the estates' rights. By the very language of the law it is in subordination to those rights. The administrator's or executor's possession never has been and never will be construed as possession in hostility to the heir or devisee, and *per contra* the possession of the heir or devisee while the estate is in the course of administration can never be construed to

be in hostility to the rights over that property with which the law clothes the estate. And from practical considerations it becomes also apparent that title by adverse possession cannot thus arise. Everything which the devisee in possession does by way of dominion, ownership, and exclusive control he has a perfect right to do so far as the estate is concerned, and in the doing of these things he does not trench upon or interfere with any of the rights which the statute has reserved to the estate. There is nothing, therefore, and can be nothing, to put the administrator upon notice that the devisee is claiming in hostility to him. The devisee may, as in this case, honestly believe that he is holding against all the world, including the estate, but in truth he is holding against all the world except the estate, since under the law his whole title is subordinate to the estate's rights. There is therefore, and can be in the nature of things, no such hostility between the legal rights of the devisee or heir in possession and the administrator or executor which can start the statute of limitations to running in favor of or against either. A decree of distribution is a muniment of title of the highest value. Through such decrees, and through such decrees only, can the titles of land be justly established. This court has upon many occasions countenanced and approved the completion of the administration of estates when that administration, after suspension, has been resumed for no other purpose than to enter a decree of distribution giving peace and security to title. (*Estate of Hinckly,* 58 Cal. 518; *Estate of Pina,* 112 Cal. 14, [44 Pac. 332]; *Estate of Strong,* 119 Cal. 663, [51 Pac. 1078]; *Goad* v. *Montgomery,* 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681]; *Toland* v. *Earle,* 129 Cal. 148, [79 Am. St. Rep. 100, 61 Pac. 914].)

For these reasons the trial court is directed to modify its judgment in accordance with the foregoing by holding that the property in the complaint set forth is still subject to the legal requirements of the estate of Clark for the purposes of and in due course of administration.

Shaw, J., Lorigan, J., Melvin, J., Sloss, J., and Angellotti, J., concurred.