[L. A. No. 12818. In Bank.—May 16, 1932.]

In the Matter of the Estate of EMMA SWEITZER, Deceased. JESSE SWEITZER, Appellant, v. BANK OF AMERICA OF CALIFORNIA (a Corporation), Respondent.

Matthew S. Platz and J. R. Dorsey for Appellant.

Borton & Petrini for Respondent.

PRESTON, J.—This is an appeal from an order of the superior court denying appellant's petition and granting that of respondent for appointment as administrator of the estate of Emma Sweitzer, deceased. Which one of these parties is entitled to the appointment is to be here determined. Emma Sweitzer was the widow of Sam Sweitzer, who died intestate in 1916, leaving four sons by a former marriage, one of whom is appellant. In 1930 Emma Sweitzer also died intestate, but left no issue. Respondent is the nominee of two of her heirs, a brother and a sister.

Appellant relies upon the provisions of subdivision 8 of section 1386 of the Civil Code and section 1365 of the Code of Civil Procedure, which at the time read in part as follows: "If the deceased is a widow . . . and leaves no issue, and the estate . . . was common property of such decedent and . . . her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such de-

ceased spouse. . . . " (Civ. Code, sec. 1386, subd. 8.) "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned . . . in the following order: 1. The surviving husband or wife. . . . 2. The children. 3. The father and mother. 4. The brothers and sisters. . . . This section shall apply to the relatives of the previously deceased spouse of decedent when entitled to succeed to some portion of the estate under subdivision eight of section one thousand three hundred eighty-six of the Civil Code." (Sec. 1365, Code Civ. Proc.)

This estate consists of real and personal property, with the fruits thereof, which was in 1916, when Sam Sweitzer was living, the community property of himself and his wife, this decedent. During his last illness he executed two deeds and a bill of sale covering the property wherein he named his wife as grantee and vendee, respectively. These documents he handed to a friend with instructions that in the event of his death they were to be given to his wife, but, if he recovered, they were to be returned to him, because, he stated, if his wife obtained possession of the property during his lifetime she would "throw him out". He also expressed the opinion that as the property was heavily encumbered, his wife would not get much but debts. Some seventeen days later he passed away. The said friend immediately delivered the documents to Emma Sweitzer, who had them recorded on the day of her husband's death. No steps were taken by her or by his children to administer his estate. The relations between these parties were not hostile and, without interference of any kind, the widow enjoyed possession of all said properties during the remainder of her own life, netting a considerable profit through operation and development thereof and through the discovery and production of oil thereon. She was able to pay the debts and encumbrances and leave an estate valued at approximately $100,000.

The evidence is almost without conflict and shows the facts to be substantially as above set forth. The trial court made no findings, but, evidently acting upon the theory that there was a valid and complete delivery of the above documents to the wife, transferring title to said properties to her, it made a full and complete order granting to respondent the right to administer this estate, of which order the following

portion is made the particular subject of attack by appellant: "That no portion of the estate of Emma Sweitzer was the separate property of said deceased spouse, Sam Sweitzer, while living, and no portion . . . came to said decedent Emma Sweitzer, from said deceased spouse by descent, devise or bequest. That no portion . . . was common property of said decedent and her said deceased spouse, while such spouse was living. That the estate of said Emma Sweitzer, deceased, and the whole thereof at the time of her death, was her sole and separate property and that no part thereof was community property. . . . " ·

This order of the court below may be sustained only if, under the undisputed evidence, there was in fact a valid delivery of the said instruments to decedent or, conceding that there was no valid delivery thereof, if the right of appellant and his brothers to succeed to part or all of their father's estate was divested by the adverse possession of decedent. These points will be discussed in the order stated.

■ With reference to delivery of the deeds and bill of sale, the case of *Williams* v. *Kidd,* 170 Cal. 631 [13 Ann. Cas. 1916E, 703, 151 Pac. 1], from which the following quotation is taken, is directly in point: "It is well settled that where a deed is deposited with a third party to be handed to the grantee on the death of the grantor, unless this is accompanied by an intention on the part of the grantor that title to the property shall thereby immediately pass to the grantee there is no delivery of the deed, and consequently no title is transferred. . . . If it be the intention of the grantor when he deposits a deed that it shall only be delivered to the grantee by the depositary after the death of the grantor, and that the title is to vest only upon such delivery after his death, then the deed is entirely inoperative as constituting an attempt by the grantor to make testamentary disposition of his property. . . . " (See, also, *McCully* v. *McArthur,* 187 Cal. 194 [201 Pac. 323], *Hotaling* v. *Hotaling,* 193 Cal. 368 [56 A. L. R. 734, 224 Pac. 455], *Stone* v. *Daily,* 181 Cal. 571 [185 Pac. 665], and many other cases therein cited.)

■ The evidence in this case shows beyond doubt that the firm and expressed intention of the grantor was to retain the title to and possession of his property until after his death because of his fear that his wife would "put him

out'' if she secured possession or control of it. It does appear that subsequent to delivery of the documents to the depositary, said grantor did state that he had deeded or signed over everything to his wife, but there is no evidence whatsoever to show that when he made these remarks his intention had changed or that he had in thought anything further than his handing of the documents to his friend so that in the event of his death the transfer might be accomplished. In other words, the clear and abundant evidence shows that the intent of the grantor was such as to make the instruments inoperative and the attempted transfer invalid. In the cases of *Moore* v. *Trott*, 156 Cal. 353 [134 Am. St. Rep. 131, 101 Pac. 578], and Id., 162 Cal. 268 [122 Pac. 462], relied upon by respondent, the record upon the second trial contained persuasive evidence showing that the grantor, prior to his death, had intended to and had in fact absolutely relinquished the right of control over or recall of the deeds; hence those cases are distinguishable upon the facts, the evidence there justifying a conclusion contrary to that here announced. It follows that decedent wife did not take the estate as her separate property under said instruments nor were any rights of the children divested by reason of the execution and uncompleted delivery thereof.

The next question is: Have the rights of said children to inherit any or all of this estate been divested by reason of the alleged adverse possession and occupation, subsequent to thê death of Sam Sweitzer, of all these properties by his said wife?

Upon the death of Sam Sweitzer, intestate, in 1916, his wife was entitled to succeed to one-half and his children to the other half of the community property (sec. 1402, Civ. Code, prior to later amendments); the children then acquired a present vested interest in and title to an undivided one-half of said property; the widow acquired a like interest as to the other undivided one-half thereof. (*Phelps* v. *Grady*, 168 Cal. 73 [141 Pac. 926]; *Smith* v. *Barrick*, 41 Cal. App. 28 [182 Pac. 56].) She could not immediately afterward, by recordation of the above-mentioned documents, divest herself of this interest so as to in effect re-enter the property under·color of title and hold possession thereof adversely to her own vested right and the expectancy of the said children who would, if she died intestate, take the property upon

her death as her own heirs and not the heirs of her predeceased spouse (*Estate of Watts,* 179 Cal. 20 [175 Pac. 415]; *Estate of Hill,* 179 Cal. 683 [178 Pac. 710]; *Estate of Page,* 181 Cal. 537 [185 Pac. 383]; *Estate of Bixler,* 194 Cal. 585 [229 Pac. 704]). ▮ In other words, the widow had already acquired this property and she could not, by purporting to run an adverse possession against her own undivided interest, thereby transmute it in character from her share of the community estate of herself and her deceased husband to her sole and separate property. Hence, so far as this undivided one-half .interest is concerned, the recordation of the invalid deeds was ineffective for any purpose; as it was the community property of this decedent and her deceased spouse, while living, it will go in equal shares to appellant and his brothers, as children of said deceased spouse (sec. 1386, subd. 8, Civ. Code). Furthermore, as the children are entitled to succeed to at least this portion of the estate, the right to administer it must be granted to appellant (sec. 1365, Code Civ: Proc.).

The above conclusion makes unnecessary any discussion pertaining to the other undivided one-half interest in the estate of said Sam Sweitzer, deceased, which his children acquired upon his death. In other words, we are not here determining whether their right to inherit this undivided one-half of the estate was divested by reason of the alleged exclusive possession and occupation of the property by Emma Sweitzer, under color of title, up to the time of her death. The sole purpose of this action is to determine to whom the appointment as administrator shall be given. We have concluded that appellant is entitled to the appointment.

The order appealed from is therefore reversed.

Curtis, J., Shenk, J., Waste, C. J., Tyler, J., *pro tem.,* and Seawell, J., concurred.