[Sac. No. 4907. In Bank.—August 23, 1935.]

MATTIE ALICE BAKER, Respondent, v. E. J. BAKER, Appellant.

Fred C. Pugh and Pugh & Pugh for Appellant.

Wetter & Rankin, Jesse W. Carter and Dallas L. Barratt for Respondent.

PRESTON, J.—This is an action to establish and quiet title in plaintiff, against the claims of defendant, to an undivided one-third interest in a residence property in Red Bluff, Tehama County, California, and to have an accounting of certain rents, issues, and profits thereof. The amended complaint herein was filed May 24, 1933, and is cast in three causes of action: First, to deraign title from Sarah E. Baker, deceased, through probate proceedings in her estate and decree of distribution therein awarding said undivided one-third interest in said property to the husband and predecessor of plaintiff. The statement of this count is coupled with a long recital of facts intended to show an estoppel *in pais* against the claims of defendant under an unrecorded deed from said decedent. The second cause of action is the general and conventional one to quiet title. The third is for an accounting as to one-third of the rentals collected by defendant subsequent to September 29, 1932. The answer may be deemed a traverse of all the material allegations of the amended complaint and it specifically sets up the deed from the decedent, Sarah E. Baker, to defendant, under which he claims title to the whole estate in the property.

The court below gave judgment for plaintiff on the theory that adverse possession, within the meaning of sections 322 and 325 of the Code of Civil Procedure had been established. The findings support the judgment as to adverse possession but negative the claim of estoppel. The judgment quiets title in plaintiff and awards her $100, as her share of the rentals erroneously retained by defendant. Defendant has appealed.

The facts necessary to a determination of the cause are not in doubt. They are: Sarah E. Baker died intestate on July 3, 1923, leaving considerable estate, the residence here in suit being listed as one of the assets thereof. Three brothers survived her: E. J. Baker, defendant here, Stephen P. Baker and William A. Baker, husband and predecessor in interest of plaintiff. The three brothers jointly nominated adminis-

trators of the sister's estate. The property here in suit was inventoried as a part thereof. Its value was also included as a part of the base sum upon which inheritance taxes, attorneys' fees and commissions were calculated. The administrators took charge of the property, kept it in repair and paid the taxes upon it from the *corpus* of the estate. Later, and on June 30, 1924, said property was regularly distributed as part of said estate, to said three brothers in equal undivided one-third interests. For some eight years thereafter the property was kept intact by the brothers. They nominated one of the former administrators as their agent and until January 5, 1931, he kept the place in repair, paid taxes from rentals, and turned in the net avails for equal distribution between the three brothers. From the above date until December, 1931, defendant handled the property himself, paying one-third of the net rentals to each of his brothers. Shortly after the date of filing said decree of distribution, plaintiff's husband painted the house and moved the woodshed from one side to the other. On February 6, 1930, he conveyed his one-third interest to plaintiff.

Trouble began to brew when, on November 10, 1931, defendant produced a deed of decedent conveying the property to him, bearing date of July 21, 1913, and caused same to be recorded. It thus appeared that at the death of Sarah E. Baker, defendant had had possession of said deed for some ten years. Likewise that he had held same during administration of her estate and for some seven years thereafter before plaintiff knew anything at all of its existence. The explanation offered was that the deed was not to be recorded during the life of Sarah E. Baker and subsequently defendant deemed it, he says, in the interest of peace in the family not to mention it. However, in 1932, some nineteen years after making of the deed, defendant made bold to assert complete ownership of and dominion over this property, collecting and retaining rents and profits thereof from and after said September 29, 1932. Hence this litigation.

We confess a complete lack of sympathy for the claims of defendant and we think the position taken by the court below as to title by adverse possession is correct. The record fully establishes title in plaintiff by prescription. No contention is made that one may not become a cotenant with another by prescription. The decree of distribution con-

stituted color of title and as such made constructive possession of the property sufficient (sec. 323, Code Civ. Proc.). It was clearly adverse from every standpoint. In fact, the right of plaintiff and her predecessor under said decree was especially conceded. The right asserted was exclusive of every other right, that is, it was under the decree alone and not in subordination to any acknowledged right under defendant or in subordination to his title.

The required period of time elapsed to make the title perfect in plaintiff (sec. 1007, Civ. Code). The taxes were paid by the express acquiescence of all, either from the estate or from the rents, issues and profits of the property. We are pointed to no reason why this does not satisfy the statute (sec. 325, Code Civ. Proc.).

It is unnecessary to discuss the further contention that the record shows, by uncontradicted evidence, that defendant, by acts *in pais,* estopped himself to assert title under his deed, or in any other manner, except in subordination to the decree of distribution. Nor is it necessary to interpret the holding of this court in *Treat* v. *Treat,* 170 Cal. 329 [150 Pac. 53]. Nor need we discuss the further question of whether the deed is void as against this decree of distribution because of the express provision found in section 1214 of the Civil Code pertaining to recordation of instruments.

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.