[Civ. No. 10507. First Appellate District, Division Two.—August 24, 1937.]

HANS NELSON et al., Appellants, v. JESSE SWEITZER, as Administrator, etc., et al., Respondents.

Borton, Petrini & Conron, Sven H. Svenson and Nelson & Ricks for Appellants.

Matthew S. Platz and J. R. Dorsey for Respondents.

DOOLING, J., *pro tem.*—This is an appeal by plaintiffs from a judgment for defendants in an action to quiet title.

Plaintiffs and appellants are blood relatives of Emma Sweitzer, and as such entitled to inherit her separate property. Respondents are the sons of Sam Sweitzer, husband of Emma Sweitzer by a former marriage, and Jesse Sweitzer, one of the sons, as administrator of the estates of Sam Sweitzer and Emma Sweitzer.

It appears from the record that Sam Sweitzer and Emma Sweitzer were married in 1898. Sam Sweitzer had four sons by a previous marriage, Jesse, Delbert, Harry and Ralph, who are defendants and respondents herein. There were no children born of the marriage of Sam and Emma Sweitzer, and Emma Sweitzer died without issue. Sam Sweitzer died

in 1916, leaving Emma and his sons surviving him. He left community property of himself and his wife Emma consisting of real and personal property. Shortly before his death Sam Sweitzer executed two deeds and a bill of sale purporting to convey all of this property to his wife Emma. After his death in 1916 Emma recorded the deeds and bill of sale and continued in possession and management of all of the properties, applying the income to pay off existing mortgages and for her living expenses and keeping the balance until the time of her death in 1930. The relations between Emma Sweitzer and her stepsons were at all times cordial and friendly, they calling her ''Ma'' or ''Ma Sweitzer.'' One son, Jesse, lived in the same locality and saw her frequently on the most intimate terms. Another son, Ralph, spent most of his time in the United States army, but between enlistments lived on the home ranch with his stepmother and always considered it his home. None of the sons of Sam Sweitzer ever objected to their stepmother's occupancy and management of the property or to her keeping all of the income therefrom. It is in evidence that Emma Sweitzer made statements to several persons that all of the property was her own, but the only evidence that any of the sons ever heard of this claim came from one witness, who stated that she told Jesse Sweitzer of Emma Sweitzer's claim to exclusive ownership of the property. This Jesse Sweitzer denied. Shortly after Sam Sweitzer's death Emma Sweitzer recorded the deeds and bill of sale, but there was no proof of actual knowledge of their existence or recordation by any of the sons, and we are entitled to assume in support of the judgment that the sons of Sam Sweitzer had no actual notice of the deeds and bill of sale nor of Emma Sweitzer's claim to exclusive ownership under them. The estate of Sam Sweitzer was not probated until after Emma Sweitzer's death.

After Emma Sweitzer's death petitions for letters of administration on her estate were filed by Bank of America of California as nominee of two of the appellants herein, and by Jesse Sweitzer. From the appointment of the Bank of America of California as administrator of the estate of Emma Sweitzer, Jesse Sweitzer appealed and the order was reversed by the Supreme Court. (*Estate of Sweitzer*, 215 Cal. 489 [11 Pac. (2d) 633].) Following this reversal Jesse Sweitzer was

appointed administrator of the estate of Emma Sweitzer by the probate court.

In *Estate of Sweitzer, supra,* the Supreme Court held that under the evidence introduced on the hearing for letters of administration there was no delivery of the deeds and bill of sale from Sam Sweitzer to Emma Sweitzer, that as to the one-half which Emma Sweitzer took as community property there could be no adverse possession against the sons of Sam Sweitzer, and hence they were entitled to inherit at least that one-half from Emma Sweitzer (subdivision 8, section 1386, Civil Code as it read in 1930) and Jesse Sweitzer was entitled to letters of administration over the nominee of the brother and sister of Emma Sweitzer under section 1365 of the Code of Civil Procedure, now Probate Code, section 422. As to one-half which descended to the sons of Sam Sweitzer on his death the Supreme Court in *Estate of Sweitzer, supra,* left open the question whether Emma Sweitzer had acquired adverse title against the sons.

Upon the trial of this action appellants again offered the deeds and bill of sale from Sam to Emma Sweitzer. Respondents objected on the ground that under *Estate of Sweitzer, supra,* the fact of nondelivery of these instruments was *res judicata,* which objection was sustained. Later the documents were admitted for the limited purpose of attempting to establish adverse possession under color of title.

Appellants urge on this appeal that the court erred in holding that the decision of the Supreme Court was *res judicata* in this action. Appellants support this claim with arguments and authorities of considerable force, but we find it unnecessary to decide the question, for the reason that the error, if it was error, is not shown by the record to have been prejudicial. Under article VI, section 4½ of our Constitution it is settled that the burden is on an appellant to show that the error, if one was committed, has resulted in a miscarriage of justice. (*Coleman* v. *Farwell,*. 206 Cal. 740 [276 Pac. 335] ; 2 Cal. Jur., pp. 1007–1009.) Whether or not the decision in *Estate of Sweitzer, supra,* is *res adjudicata* in this action, it is at least a binding authority unless overruled that under the evidence introduced on the hearing for letters of administration there under review a finding of delivery could not be supported. Counsel for appellants made no

offer of proof of any other or different facts touching the matter of delivery in the trial of this case. Since the burden is on appellant to show prejudice as well as error, and in the absence of proof additional to or different from that introduced on the question of delivery on the previous hearing the trial court would have been bound to follow the rule laid down in *Estate of Sweitzer, supra,* on the question of delivery, we cannot see under the record made how appellants were prejudiced by this ruling.

■ Appellants' chief argument is directed against the finding that Emma Sweitzer did not acquire title by adverse possession. They cite *Feliz* v. *Feliz,* 105 Cal. 1 [38 Pac. 521]; *Akley* v. *Bassett,* 189 Cal. 625 [209 Pac. 576], and other cases, and contend that under the authority of those decisions, at least as to the one-half descending to the sons on Sam Sweitzer's death, Emma Sweitzer must be held to have acquired adverse possession as a matter of law. We do not consider those decisions controlling under the case made. Undoubtedly under those decisions the evidence would have supported a finding of title in Emma Sweitzer by adverse possession. But the construction of the evidence and the inferences to be drawn therefrom were in the discretion of the trial court. The trial court was entitled to find that none of the sons had actual knowledge of the existence of the deeds and bill of sale from Sam to Emma Sweitzer or of her claim to exclusive title under them. From the friendly relations existing between the sons and their stepmother and the evidence as a whole it was not unreasonable for the trial court to conclude that believing one-half the property to be theirs the sons allowed their stepmother, as their tenant in common, to occupy and manage it and take the profits therefrom during her lifetime. ■ The possession of one cotenant is the possession of all, and cannot become adverse in the absence of acts calculated to bring home to the cotenants that the occupancy of their cotenant is under a claim of exclusive right to possession, and hostile to their title. (*Faubel* v. *McFarland,* 144 Cal. 717 [78 Pac. 261].) "Until the tenant has notice 'either actual or constructive, in some form, that the possession of his cotenant has become hostile, it will be deemed in law to have been amicable, notwithstanding the tenant in possession may, in fact, have been holding adversely'." (1 Cal. Jur., p. 544, and cases cited.)

Emma Sweitzer became a cotenant with her stepsons upon the death of Sam Sweitzer. In the absence of knowledge of the purported deeds and bill of sale they were not only entitled to believe, but from the findings of the court did believe, that her possession was as such cotenant. The evidence supports the finding that nothing in the conduct of Emma Sweitzer was sufficient to or did bring home to respondents notice, actual or constructive, of the fact that her occupancy and use of the entire property of the cotenancy was adverse, rather than permissive.

Judgment affirmed.

Sturtevant, J., and Spence, Acting P. J., concurred.