[Civ. No. 12715. First Dist., Div. Two. Nov. 17, 1944.]

JOSEPH SATARIANO, JR., as Administrator, etc., Respondent, v. JOSEPH GALLETTO, as Administrator, etc., Appellant.

Charles R. Collins for Appellant.

Simeon E. Sheffey for Respondent.

SPENCE, J.—Plaintiff, as the administrator of the estate of Joseph Satariano, deceased, sought to quiet title to a parcel of real property and to recover rent from defendant Joseph Galletto, individually and as administrator of the estate of Maria Satariano Galletto, deceased, formerly Maria Satariano. Said defendant, individually and as such administrator, filed a cross-complaint whereby he sought to quiet title to said parcel. The trial court's findings with respect to the ownership of the parcel were that Joseph Satariano, deceased, was the owner of the parcel at the time of his death in 1921 and that plaintiff, as administrator, was entitled to possession thereof; that the probate court was without jurisdiction to make an order made by it in 1922 setting aside the entire

estate of said deceased to Maria Satariano, the widow of said deceased; that certain deeds thereafter made and in which defendant was a grantee were void and of no effect as Maria Satariano had no title to convey as an individual; and that neither Maria Satariano, who was the widow of said deceased and who had later married defendant, nor defendant had acquired any title by adverse possession. The trial court's conclusions of law were solely to the effect that plaintiff was entitled to judgment for the recovery of possession of said real property together with the sum of $36 as rental. Judgment was entered accordingly and defendant appeals from said judgment.

The facts are undisputed. The real property involved was acquired by Joseph Satariano deceased, during his lifetime and was used as a dwelling house for himself and family. Joseph Satariano died in 1921. He left surviving him his widow, Maria Satariano, and three minor children. Maria was duly appointed administratrix of his estate, which estate had a net value, over encumbrances, of $2,400. The real property was community property and was so returned in the inventory. In 1922, the probate court made its order setting aside the entire estate to Maria as an estate having a net value not exceeding $2,500. Shortly thereafter and when Maria sought to renew a mortgage on the premises, the title company questioned her title. Maria as an individual thereupon filed a quiet title action naming the minor children as defendants. A guardian ad litem was duly appointed for the minor children, an answer was filed and the trial of the cause resulted in a decree quieting Maria's title.

In 1927, Maria married Joseph Galletto, the defendant in this action. Defendant then took up his residence with the family on the property in question and has since resided there at all times. Each of the minor children of Maria left the family home upon attaining the approximate age of twenty years. Maria resided on said property with defendant at all times until her death in 1940. She did not work at any time after her marriage to defendant. The family group, including the minor children was supported entirely by the earnings of defendant while residing at the family residence.

At the time of Maria's marriage to defendant, the property was encumbered to the extent of $1,600. The only property then owned by Maria was the real property in question and about $700 in money. By arrangement with defendant, said $700 belonging to Maria together with $900 belonging to

defendant was used to pay off the encumbrance. Thereupon and in 1930, Maria conveyed a one-fourth interest in the property to defendant. Thereafter in 1931, both Maria and defendant executed a deed to the property to a title company which in turn executed a deed to an undivided one-half interest therein to Maria and another deed to an undivided one-half interest therein to Maria and defendant as joint tenants. No further conveyances were made and, after Maria died intestate in 1940, defendant was appointed administrator of her estate. From the time of the order setting aside the estate to Maria in 1922 and until her marriage to defendant in 1927, Maria made all payments for taxes, assessments, repairs and insurance. Since her marriage to defendant in 1927, Maria and defendant made all such payments from the earnings of defendant.

Following the death of Maria in 1940, plaintiff, who was one of Maria's sons by her former marriage, procured his appointment as special administrator of the estate of his deceased father, Joseph Satariano, who had died in 1921. He then brought this action in 1942 and has since procured his appointment as general administrator of said estate. The complaint was in two counts. The first count was in the ordinary form of an action to quiet title. The second count was one for rent claimed to be due from defendant at the rate of $50 per month for nineteen months next preceding the commencement of the action. Defendant filed an answer and cross-complaint denying the material allegations of the complaint; alleging the ownership of Maria and himself; specifically alleging the making of the above mentioned order assigning the property to Maria; the entry of the above mentioned decree in the quiet title action, and the making of the above mentioned conveyances; and further alleging the necessary facts to show adverse possession under color of title by Maria and defendant for a period of more than twenty years prior to the commencement of plaintiff's action. The trial court made the findings hereinbefore mentioned among which were the findings against defendant on the claim that Maria and defendant had acquired title by adverse possession.

On this appeal, defendant urges several points in support of his claim that the judgment should be reversed. We are of the opinion, however, that a reversal is required because of the erroneous findings relating to adverse possession and we are further of the opinion that correct findings on that sub-

ject, based upon the conceded facts, will dispose of this litigation.

Plaintiff seeks to support the judgment upon the following claims: (1) That the 1922 order of the probate court setting aside the estate of Joseph Satariano to Maria was void and that it therefore did not have the effect of setting aside the estate or terminating the probate thereof; (2) that the decree entered in the quiet title action was void as the jurisdiction to determine conflicting claims between the heirs of Joseph Satariano, deceased, remained vested solely in the probate court; and (3) that Maria remained administratrix of the estate of Joseph Satariano, deceased, up to the time of her death and therefore could not hold adversely to said estate.

We may assume, without deciding, that both the 1922 order setting aside the estate to Maria and the subsequent decree quieting her title were void, but nevertheless either was sufficient to give Maria, and those claiming under her, color of title to the property (*Johns* v. *Scobie,* 12 Cal.2d 618 [86 P.2d 820, 121 A.L.R. 1404] ; *Baker* v. *Baker,* 4 Cal.2d 235 [48 P.2d 685] ; *Brind* v. *Gregory,* 120 Cal. 640 [53 P. 25] ; 1 Cal.Jur. 571). It seems to be conceded that if Maria had not been the administratrix of the estate of her deceased husband, her conduct and acts during the eighteen years intervening between the entry of the 1922 order and her death in 1940 would have been sufficient to give her title by adverse possession (1 Cal.Jur. 522), but it is contended by plaintiff that the mere fact that she had been previously appointed administratrix prevented her from acquiring such title. Plaintiff has cited no authority supporting this contention and we know of none. It seems clear that her act of seeking and obtaining the order setting aside the estate to her, her act of seeking and obtaining the decree quieting her title and her subsequent acts in dealing with the property as her own gave unquestioned notice of the hostility of her claims as against the estate of her deceased husband and all persons claiming any interest therein. We believe these acts were sufficient to permit her to acquire title by adverse possession for even a trustee of an express trust, who openly repudiates the trust, may hold adversely to the beneficiary and start the running of the statute of limitations. (1 Cal.Jur. 538, § 31; 2 C.J. 166, § 3140; 1 Am.Jur. 835, § 72.) Authorities from other jurisdictions clearly show that an administratrix is not barred from acquiring title by adverse possession, at least after the

probate court has made an order or decree which purports to make final disposition of the property and which serves to furnish the administratrix, as an individual, with color of title. (*Mason* v. *Odum*, 210 Ill. 471 [71 N.E. 386, 102 Am. St.Rep. 180]; *Hysmith* v. *Patton*, 72 Ark. 296 [80 S.W. 151]; *Reid* v. *Reid*, 206 N.C. 1 [173 S.E. 10]; *Oxford* v. *Estes*, 229 Ala. 606 [158 So. 534].)

Plaintiff cites *In re Grider*, 81 Cal. 571 [22 P. 908], but that case is sufficiently distinguished in *Gregory* v. *Gregory*, 102 Cal. 50 at page 54 [36 P. 364]. Plaintiff also cites *Blair* v. *Hazzard*, 158 Cal. 721 [112 P. 298], but that case may be distinguished upon the ground that there the probate court had not purported to dispose of the property in question. Plaintiff also cites *Estate of Sweitzer*, 215 Cal. 489 [11 P.2d 633], but if any question was raised in that case which might have had a bearing upon the question before us, such question was not determined. (See p. 494.) As this court pointed out in *Nelson* v. *Sweitzer*, 22 Cal.App.2d 382, at page 385 [71 P.2d 85], the Supreme Court, in *Estate of Sweitzer, supra*, "left open the question whether Emma Sweitzer had acquired adverse title against the sons."

In view of our conclusion that Maria could and did acquire title by adverse possession, which conclusion requires a reversal of the judgment, we need not discuss the effect of the joint possession of the premises by Maria and defendant over the years following 1930, during which time defendant had at least color of title to an undivided interest by virtue of the conveyances previously mentioned. The due execution of those conveyances is conceded and we are in accord with defendant's claim that, upon the death of Maria, defendant became vested with an undivided one-half interest in the premises as the surviving joint tenant of said one-half interest and that the estate of Maria became vested with the remaining undivided one-half interest which is subject to probate. It therefore appears appropriate to reverse the judgment and to direct a judgment in favor of defendant.

The judgment is reversed with directions to the trial court to reframe its findings and to enter judgment in favor of defendant in conformity with the views herein expressed.

Nourse, P. J., and Dooling, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 15, 1945.