[Civ. No. 22362.   Second Dist., Div. One.   Nov. 7, 1957.]

GEORGE B. RYALL, Respondent, v. MYRTLE E. SEARS, Appellant.

Chas. L. Nichols, Christopher Hall, Robert R. Mallicoat and Richard E. Hodge for Appellant.

Gerald Bridges, Claude W. Bridges and William H. Simon for Respondent.

DRAPEAU, J.*—Plaintiff, George D. Ryall, and defendant, Myrtle E. Sears, are real estate brokers.

Mrs. Sears owned business property in El Cajon, in San Diego County. She agreed in writing with Mr. Ryall that he was her exclusive agent to sell this property.

First he sold the north half of the property to Mayfair Development Company, and Mrs. Sears paid him his commission on that sale.

After his exclusive agency expired, he sold the south half of the property to the same buyer.

*Assigned by Chairman of Judicial Council.

To complete the last sale, an escrow agreement was made between Mayfair and Mrs. Sears. In an instruction signed by Mrs. Sears and by Mr. Ryall the escrow holder was directed to pay Mr. Ryall a commission of $7,750 for his services in that sale. This writing is as follows:

"Instructions to Pay Commission

Escrow No. 803

Date March 14, 1955

The First National Trust and Savings Bank of San Diego
National City Branch
National City, California

Upon close of escrow, you are instructed to pay George D. Ryall, a licensed real estate broker, the sum of $7,750.00 from funds received or held by you on my behalf. *I acknowledge that said broker was heretofore employed by me to effect a sale of the property described under the above escrow number, that I have agreed to pay said sum to said broker as his commission for said services, and that pursuant to said employment he has produced the purchaser named therein.*

(Sgnd) Myrtle E. Sears

Approved:

Please mail payment to address below unless payment is called for on the day the above escrow is closed. I hereby waive any interest in such deposits as Mayfair Development Co. shall make in accordance with the terms of the escrow instructions referred to herein.

It is understood that no commission is owing if this transaction is not consummated.

(Sgnd) George D. Ryall
Licensed Real Estate Broker
License No. 18149
Address: 417 So. Hill Street

(Sgd) George D. Ryall          Los Angeles 13, California"

(Emphasis added.)

After the escrow was completed and Mrs. Sears got her money she instructed the escrow holder not to pay Mr. Ryall. Whereupon he brought this action.

Mrs. Sears appeals from a judgment against her.

Her contentions on appeal will be disposed of as they are stated.

1. She contends that Mr. Ryall acted as agent for both

her and Mayfair. This is based upon the use of the words "client" and "represented" by Mr. Ryall in his testimony at the trial, with reference to Mayfair.

The use of these words by Mr. Ryall did not necessarily imply that he was agent for Mayfair too. The trial judge resolved any conflict as to the meaning of these words in favor of Mr. Ryall and against Mrs. Sears.

The judge said, "You can interpret that any way you want to, but I interpret it as any broker does; he goes to a prospective buyer and says I've got Mrs. Sears' property for sale. Do you want to buy it for $165,000? To him, that's representing them as a client. Nothing wrong about it at all."

It is interesting to compare counsel's position now with his position during the trial of the case. Then he objected to every attempt of counsel for plaintiff to clarify this testimony.

"Q. (By Mr. Bridges, attorney for plaintiff.) Mr. Ryall, will you explain to the Court what you meant when you stated in answer to counsel's questions, that Mayfair Development Company was a client of yours?

"MR. HODGE (Attorney for defendant): I object to that question, your Honor. The statements speak for themselves. We have his testimony under oath. The questions were not objected to.

"THE COURT: I don't know what that objection is. What is the ground of your objection?

"MR. HODGE: Incompetent, irrelevant, and immaterial. It is incompetent because the testimony is on the record under oath. There was no objection to it at the time. It is not relevant to prove anything. Also, for that reason it should not be allowed.

"THE COURT: Read me the question. (Question read.)

"THE COURT: Are you objecting on the grounds it is incompetent, irrelevant, and immaterial?

"MR. HODGE: Yes, your Honor.

"THE COURT: Sustained."

Moreover, counsel for defendant states in his brief four times (pages 2, 5, 6, and 7) that the evidence was *uncontradicted* that Mr. Ryall acted as agent for Mayfair, when at page 132 of the reporter's transcript the following testimony is to be found:

"Q. Mr. Ryall, did you receive any compensation of any kind or character from Mayfair Development Company in connection with the sale of Mrs. Sears' property to them?

"MR. HODGE: I object to that question, your Honor, as incompetent, irrelevant, and immaterial.

"THE COURT: Overruled.

"A. No.

"Q. Do you have any agreement either written or oral with them for the receipt of any compensation of any kind for the sale of the property of Mrs. Sears to them?

"MR. HODGE: I object to that question as calling for the conclusion of the witness; also, it is incompetent, irrelevant, and immaterial.

"THE COURT: Overruled. You may answer the question.

"A. No."

2. Passing now to defendant's next contention, that it was prejudicial error for the trial judge to fail to make specific findings as to Mr. Ryall's asserted dual agency; and also as to whether there was a condition as to defendant's liability to pay the commission she agreed in writing to pay:

It is well settled that specific findings are not necessary when the findings taken as a whole clearly show that they include the trial judge's conclusion upon material issues. (*Bowers v. Union Trust Co.*, 117 Cal.App. 259, 264-265 [3 P.2d 614].)

The findings here in question include the fact that Mr. Ryall did not at any time act as agent for Mayfair; also that, as a matter of law, there was no condition attached to defendant's liability under her written agreement.

3. Next we come to defendant's assertion of prejudicial misconduct by the trial judge; that he was biased and prejudiced; and that he prejudged the case:

This assertion is entirely without merit; it is unkind and uncalled for; and it has no place in the briefing of this case.

Counsel for defendant does not point out a single instance from the record of bias, or of prejudice, or of misconduct of the judge who tried this case, or that he prejudged it. In his brief counsel says he does not impugn the courtesy or manliness exhibited by the judge, but he argues that the judge's conduct throughout the trial indicates the truth of his charges.

Read as a whole, the record fails to support any of these unfounded charges.

The judge made a conscientious effort to ascertain the truth as to the issues involved. He treated counsel fairly and courteously throughout the trial, and these serious and groundless charges should never have been made.

4. There is no error in rulings upon admissibility of evidence.

As we have been able to determine from defendant's brief, these rulings may be summarized as follows:

(a) Sustaining objections to proffered testimony of an officer of Mayfair that defendant's attorney first proposed the purchase of the property to him; also that she too proposed it to him.

(b) That the judge's rulings would not permit defendant to prove that her promise to pay Mr. Ryall was conditional on his efforts to consummate the closing of the escrow.

(c) That when defendant put her order into the escrow to pay Mr. Ryall, there was no purchaser ready, able, and willing to purchase the property, for the reason that the escrow agreement was in the nature of an option, continuing as long as Mayfair made partial payments upon the purchase price or until it was paid in full. And that it was error to exclude testimony to this effect.

The answer to all of these contentions is readily apparent. The parties put their agreement into writing. Therefore, extrinsic evidence is excluded, because the agreement must be determined as a matter of law by the contents of the writing itself. (*Peterson* v. *Montgomery Holding Co.* 89 Cal.App.2d 890, 892 [202 P.2d 365] ; *Nourse* v. *Kovacevich,* 42 Cal.App. 2d 769, 771 [109 P.2d 999].)

5. Referring to Mrs. Sears' final contention that the judge erred in denying her motion for a continuance when the case was called for trial:

Her counsel objected to the introduction of evidence because the complaint failed to allege that plaintiff was a duly licensed real estate broker. The trial judge held that the objection was well taken; but permitted the complaint to be amended by interlineation to include this essential allegation.

Counsel for defendant would not stipulate that this amendment be deemed denied. The judge said he would continue the trial one day if counsel for defendant wanted to find out whether plaintiff's license was valid or not. Counsel for defendant did not avail himself of this offer. He said he was "taken by surprise" by the judge's indication that he was going to go on with the trial. Finally the judge denied defendant's motion for a continuance, and went on with the case.

This court can see no possible detriment to defendant by this ruling.

The case was ready for trial. No demurrer had been interposed to the complaint. The parties and their witnesses were all there. Counsel for defendant should have known whether or not plaintiff was a licensed real estate broker. Counsel's conduct savored of dilatory tactics that are not countenanced by our courts.

It was the duty of the judge to bring the case to trial, and it was not an abuse of discretion for him to do so.

6. Additional findings proposed by defendant are not necessary to a decision of this case.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1958.