SHEPARD, Acting P. J.
 

 This is an appeal by defendant William Desmond Frost from a judgment in favor of plaintiff to remove a cloud from a land title and ordering a deed to be cancelled.
 

 Facts
 

 Ezekial M. Frost, about 90 years of age at the time of the signing of the deed here in question, had been married four times. His last wife died February 17, 1958. From these marriages three children were born: Wesley, Marion and Roselle. Roselle died early in life. Wesley died January 21, 1958. The record does not show the date of Marion’s death, but it was prior to the trial of this action. There were four grandchildren: Mrs. Margaret Finch, Marion Frost, Robert Frost and William D. Frost. William D. Frost is defendant-appellant herein. Jessie Zeigler is conservator of the person, and plaintiff-respondent is conservator of the estate of Ezekial. Defendant William is the son of Wesley.
 

 Some time in 1957 Ezekial consulted with David Marcus, an attorney of Los Angeles, and a will was prepared by Marcus and executed by Ezekial. After the death of Wesley, Ezekial expressed some doubt about the efficacy of the will to transmit property to William and again consulted Marcus, Marcus testified without contradiction that he was employed and paid by Ezekial. Marcus caused to be prepared a grant deed purporting to transfer Ezekial’s home at 314 Michigan Avenue, Redlands, California, to Ezekial and William as joint tenants and Ezekial signed it before a notary public who attached an acknowledgment certificate in due form thereto. After signing, Ezekial handed the deed to Marcus with instructions to “take care of it for him.” There is no testimony that Ezekial ever directed Marcus to deliver the deed to William. William says he obtained the deed from the office of Marcus and there is no contrary evidence. It was recorded “at request of grantee.” Ezekial, 93 or 94 years of age at time of trial, at first denied signing the deed and denied it was his signature; later said he didn’t remember. He repeatedly and emphatically denied any intention to make a gift of the property to William, William never at
 
 *617
 
 any time occupied the property nor did he contribute in the slightest way to upkeep, taxes, insurance or other property expenses. All these matters continued under control of Ezekial.
 

 The court found,
 
 inter alia,
 
 that no transfer of title was intended by signing the deed; that the deed was signed in an effort to make a testamentary disposition of the property. It concluded that the deed did not comply with the requirements for testamentary disposition and that it conveyed no title. It rendered judgment for plaintiff, quieting Ezekial’s sole title to the property and ordering the deed cancelled. William appeals.
 

 Genuineness and Due Execution
 

 At the outset of the trial William moved for judgment on the pleadings, claiming that defendant had set forth in his answer a true copy of the deed in question and plaintiff did not, within 10 days after receipt of the answer, file an affidavit denying same and serve a copy thereof on defendant and that therefore, under the provisions of Code of Civil Procedure section 448, the genuineness and due execution of the deed are deemed admitted. He claims the court was in error in denying said motion. We do not agree.
 

 First, the trial court was correct in suggesting that the proper time to have presented this motion or at least to have called the matter to the court’s attention was at the pretrial conference. (Cal. Rules of Court, rule 210(c), 211 (f), 214(a)(1), 216.)
 
 *
 
 The pretrial conference statement of defendant says, “No law and motion matters pending
 
 are
 
 anticipated.” Evidently the word “are” was intended to be “or” and was so treated by the pretrial judge. The pretrial order shows that the parties admitted conservator’s appointment and qualification; conservatee’s (Ezekial’s) ownership and possession of the property; that William claims an interest as joint tenant and that the right of William’s claim is not admitted; that the principal issues are (a) the validity of William’s claimed interest; (b) whether the deed was executed with intent to make a gift, whether duress, fraud or coercion were present and whether Ezekial knew he had executed a deed conveying an interest. No motion was made to correct or amend the pretrial order. There was no suggestion that due execution was admitted. The record does not
 
 *618
 
 bear out William’s factual statement regarding the deed. The purported copy attached to the answer was not, in truth, a copy. It did not show the signature of either Ezelrial or the notary purporting to attest the acknowledgment. No authority has been cited by William to support his theory that the genuineness or due execution of an unsigned and therefore incomplete document attached to the answer would be admitted in the absence of a denying affidavit.
 

 Further, the presumption of delivery from due execution is rebuttable and the question of intent to pass title by delivery is one of fact.
 
 (Miller
 
 v.
 
 Jansen,
 
 21 Cal.2d 473 [132 P.2d 801];
 
 Henneberry
 
 v.
 
 Henneberry,
 
 164 Cal.App.2d 125, 129 [1-5], 132 [7] [330 P.2d 250];
 
 Coffey
 
 v.
 
 Cooper,
 
 185 Cal.App.2d 464, 467-468 [1-6] [8 Cal.Rptr. 358];
 
 Danenberg
 
 v.
 
 O’Connor,
 
 195 Cal.App.2d 194, 200-202 [5-10] [15 Cal.Rptr. 667].)
 

 The Evidence Is Sufficient William appears to contend that the evidence was insufficient to support the decision of the trial court that there was no intent to pass title.
 

 First, it will be noted that a grantor’s testimony that he had no intention to pass title is admissible on the question of intent.
 
 (Coffey
 
 v.
 
 Cooper, supra,
 
 p. 468 [5].) Here Ezekial, in effect, so testified. More important, however, is the testimony of William. He stated on direct examination without equivocation that when the deed was signed, Ezekial gave it to Marcus and “asked Mr. Marcus to take care of it for him.” Earlier he testified:
 

 “Q. Then what was done with the document after Mr. Frost signed it ? A. The document was kept by his attorney.
 

 “Q. Kept by Dave Marcus? A. Yes.
 

 “Q. Whose attorney was Dave Marcus? A. He was my grandfather’s attorney.
 

 “Q. Are you sure of that? A. Yes.”
 

 There was no contrary evidence. William said he obtained the deed from Marcus at some later date. This stands uncontradicted. In another portion of William’s testimony he was asked whether or not the property was given as a gift. He stated that Ezekial “said he wanted it to come to me when he was no longer here, he didn’t want it to go to anyone while he was there, but when he was gone he wanted it to come to me. You see, he had given it to my father before that.” In interpreting William’s understanding of 1 ‘ give ” it is clear that he included testamentary disposition, for at the end
 
 *619
 
 of the above quotation he says, “You see he had given it to my father before that.” That sentence can only be interpreted as referring to the will made by Ezekial in Wesley’s favor prior to Wesley’s death.
 

 From the foregoing it appears clear that the deed was delivered to Marcus for safekeeping on behalf of the grantor. There was no testimony that Marcus was ever directed by Ezekial to deliver it to William. There is no testimony that he gave Marcus any irrevocable direction to deliver it to William at the time of Ezekial’s death. Marcus was Ezekial’s attorney. Marcus’ possession, under the circumstances, was in law the possession of Ezekial; Ezekial therefore retained control. This is all William’s testimony. It is not testimony of the adverse party. The subject of the dispelling of presumptions and inferences is thoroughly discussed and clarified in
 
 Leonard
 
 v.
 
 Watsonville Community Hospital,
 
 47 Cal.2d 509 [305 P.2d 36]. It is there stated at page 515:
 

 “It is settled that where the evidence raises an inference that a fact exists, and either party produces evidence of the nonexistence of the fact that is clear, positive, uncontradicted and of such a nature that it cannnot rationally be disbelieved, the nonexistence of the fact is established as a matter of law. [Citation.] In these circumstances the inference is dispelled as a matter of law, and, if the fact inferred is necessary to establish an essential element of the plaintiff’s ease, a non-suit or directed verdict is proper.”
 

 And at page 517: 1 ‘ Generally speaking, it may be said that a presumption is dispelled as a matter of law only when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the
 
 party relying on it or of such party’s own witnesses.”
 

 Thus it follows that in the ease at bar the testimony of William states uncontradicted facts clearly inconsistent with any presumption of intent to convey title
 
 in praesenti.
 

 Special Findings
 

 In the closing brief of William he raised for the first time as a point on appeal, the question of special findings requested by him but not made by the court. While this matter was related in the opening brief under the title “History of Proceedings,” no complaint or contention was made about it in that brief. It may be disregarded by this court.
 
 (Utz v. Aureguy,
 
 109 Cal.App.2d 803, 808 [8] [241 P.2d 639];
 
 Gerace
 
 v.
 
 Key System Transit Lines,
 
 146 Cal.App.2d 667, 673
 
 *620
 
 [304 P.2d 88];
 
 Estate of Barbikas,
 
 171 Cal.App.2d 452, 464 [13] [341 P.2d 32].)
 

 Furthermore, these requested special findings were whether or not the deed was delivered on February 8, 1958, to William or some third person; whether or not Marcus, prior to the signing of the deed, explained to Ezeldal the consequences and effect of executing same; and whether or not Marcus was then acting as Ezekial’s attorney. In view of William’s own testimony, it is difficult to perceive how any valid finding on these subjects could have assisted William. In any event the record is amply sufficient to support the finding of the trial court that there was no intent to pass title and that the real intent was testamentary disposition, The trial court’s conclusion that such acts are insufficient to constitute a valid testamentary disposition is correct.
 
 (Kelly
 
 v.
 
 Bank of America,
 
 112 Cal.App.2d 388, 396 [9] [246 P.2d 92, 34 A.L.R.2d 578];
 
 Williams
 
 v.
 
 Kidd,
 
 170 Cal. 631, 644 [6] [151 P. 1, Ann. Cas. 1916E 703];
 
 Estate of Sweitzer,
 
 215 Cal. 489, 492 [1] [11 P.2d 633];
 
 Van Core
 
 v.
 
 Bodner,
 
 77 Cal.App.2d 842, 850 [6] [176 P.2d 784].) The findings of the court covered the necessary elements to support its decision.
 

 The material issues as expressed in the pretrial order were sufficiently covered by the findings made. Other findings were therefore unnecessary.
 
 (Ryall
 
 v.
 
 Sears,
 
 155 Cal.App.2d 36, 40 [2] [317 P.2d 100, 67 A.L.R.2d 472];
 
 Pry Corp. of American. Leach,
 
 177 Cal.App.2d 632, 636 [3-4] [2 Cal.Rptr. 425];
 
 Brewer
 
 v.
 
 Simpson,
 
 53 Cal.2d 567, 584 [6] [349 P.2d 289].) We are unable to discover any prejudicial error in failing to make the special findings complained of.
 

 The judgment is affirmed.
 

 Coughlin, J., and Stone, J.,
 
 *
 
 concurred.
 

 *
 

 Formerly Buies for the Superior Court, rules 8.2(c), 8.3 (f), 8.6(a)(1), 8.8.
 

 *
 

 Assigned by Chairman of Judicial Council.