[No. 14214.    Department Two.— December 7, 1891.]

92  183
116  408
92  183
144  126

In the Matter of the Estate of THOMAS H. WILLIAMS. GUSTAVE NIEBAUM, Appellant, and J. L. MOODY, Respondent.

Estates of Decedents — Devise to Executor in Trust — Power to Sell and Convey — Confirmation of Sale — Construction of Code. — Section 1561 of the Code of Civil Procedure, providing that where property is sold by an executor under a direction or authority in the will, no title shall pass unless the sale is confirmed by the court, does not apply where the property is devised to the testator, in trust, with power to sell and convey to pay claims against the estate without any order of court, and such sale need not be confirmed before conveyance by the executor to the purchaser.

Id. — Dismissal of Proceeding for Confirmation — Directing Conveyance to Higher Bidder. — Where an executor, empowered by will, as a trustee, to make a conveyance to a purchaser, has petitioned the court for a confirmation of the sale, and thereafter moves the court to dismiss the petition before the hearing, upon a satisfactory showing that the sale had been made in his character of devisee in trust, if no creditor of the estate or distributee objects, the court should dismiss the proceeding, and leave the sale to stand upon the same footing as other sales made by the trustee as such; and it is error to refuse such motion, and to make and confirm a sale to a higher bidder, and direct a conveyance to be made to such higher bidder.

Appeal from an order of the Superior Court of the city and county of San Francisco confirming a sale of real property of an estate.

The facts are stated in the opinion of the court.

*Page & Eells,* for Appellant.

*A. L. Rhodes,* for Executor.

*W. S. Goodfellow,* for Respondent.

Sharpstein, J.— By the terms of the last will of Thomas H. Williams, all his property was devised to his executor, George E. Williams, in trust, for the payment of debts of the estate, and to distribute the remainder among various devisees.

In item 9 of the will, the testator declares: "That no confusion may arise in reference to title to any property

of my estate, I hereby desire that all the property of which I die the owner . . . . vest absolutely in my executor herein appointed, . . . . said executor to hold said property, and every part thereof, in trust for the uses and purposes in this will mentioned, and for the use and benefit of my children, as herein provided.

"Item 10.   To my executor herein appointed, I give and grant the following powers and authority: 1. To carry on all business in which I was engaged at the time of my death; 2. To borrow money for use of such business, or the benefit of my estate; 3. To bargain, sell, and convey any portion or part of the property of my estate, without any order of court or any other proceeding, and to execute all mortgages or conveyances necessary or deemed proper by him; 4. To sell and convey any part or parcel of property set aside for any one of my children, after distribution," etc.

"Item 2.   That my executor shall pay all just claims against my estate, out of the income thereof, or sales if necessary, or money borrowed."

This will was admitted to probate in San Francisco on April 6, 1886, and letters testamentary on the same day were issued to George E. Williams.   The administration is still pending.

On July 31, 1890, George E. Williams, as trustee and executor under the will, entered into a contract to sell to Gustave Niebaum (the appellant here) certain lands in San Francisco belonging to the estate, for the sum of ten thousand dollars, whereof one thousand dollars was paid by the purchaser at that date.   The agreement acknowledged receipt of one thousand dollars in part payment, and provided that the purchase should be completed within fifteen days thereafter, and contained no reference to any return to or confirmation by any court. On August 25, 1890, without the knowledge or consent of the purchaser, the executor filed a return of sale in the probate court, in the usual form, requesting confirmation by the court, and an order was entered setting the petition for hearing by the court on September 5,

1890. On September 5th, the hearing was postponed, by consent, to September 12th. On September 10th, two days before the hearing, Niebaum paid to the executor the remaining nine thousand dollars of purchase-money, and received his deed of the land, which recited the terms of the will, and purported to convey the lands pursuant thereto. This deed was recorded on September 11th. On September 12, 1890, when the hearing of the return of sale came on, one J. L. Moody filed in the probate court a written bid, offering to pay the executor eleven thousand dollars for the land. The executor moved the court to dismiss the return of sale, and to proceed no further in the matter, upon the grounds that Niebaum required no confirmation, but had paid in full for the land, and had received his deed; that the court had no jurisdiction of the sale of the purchaser, and had no power either to confirm or reject it. Moody was present in court, and opposed the motion to dismiss. The motion was denied by the court, and an order entered accepting Moody's bid, and making and confirming a sale of the land to him for eleven thousand dollars, and directing the executor to execute a deed to him accordingly. At the time this order was granted, and after the motion to dismiss was denied, Niebaum appeared and entered his exception to the order of confirmation upon the same grounds as those of the executor's motion to dismiss.

This appeal is brought from the order confirming sale, and presents the question whether an executor to whom lands have been devised in trust for sale to pay debts of the estate can legally sell and convey them to a purchaser, without confirmation by the probate court.

In *Estate of Delaney*, 49 Cal. 76, the court said: " The only question remaining is, whether the provision of section 178, requiring confirmation of sale, is applicable to the sales made by the executor, where the fee of lands is devised to him in trust." That question was answered by the court in the negative. Section 178 of the statute then in force, to which reference is made by the court

in the case above cited, reads as follows: " When such provision has been made, or any property directed by the will to be sold, whether for payment of debts or expenses, or for any other purpose, the executor or administrator with the will annexed may proceed to sell without the order of the probate court; but he shall be bound, as an administrator, to give notice of the sale, and to return accounts thereof to the court, and to proceed in making the sale in all respects as if it were made u ider the order of the court, unless there are special directions given in the will, in which case he shall be governed by such directions. But in all cases, no sale shall be valid unless confirmed by the court, under the rules prescribed in cases of sales of real estate by an administrator; and before granting such confirmation, the court may require security, as in cases of sales of land by an administrator."

The provision of the code relating to the same subject reads as follows: " When property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell any property of the estate without order of the court, and at either public or private sale, and with or without notice, as the executor may determine; but the executor must make return of such sales as in other cases; and if directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be observed. In either case, no title passes unless the sale be confirmed by the court." (Code Civ. Proc., sec. 1561.)

It is perfectly obvious, we think, that if the former provision of the statute did not apply to sales made under wills like Delaney's, that the latter provision of the code does not apply to sales made under wills like the one now before us. And if not, it is quite clear that the court had no jurisdiction over the subject-matter of the sale, and all its orders and proceedings therein are void.

Order appealed from reversed, and cause remanded, with directions to the court below to dismiss the return of sale.

DE HAVEN, J., and McFARLAND, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 6th of January, 1892:—

The COURT. — A rehearing of this cause is denied, but the court desires to modify its opinion heretofore filed.

The case does not require a decision going to the extent of holding that the probate court had no jurisdiction to hear and decide upon the report of sale and petition for confirmation, showing, as it did, a sale by the executor in that character. Anything in the opinion which seems to affirm this proposition is withdrawn.

We desire to be understood as deciding only this: that the executor having moved to dismiss his own petition before the hearing, upon a satisfactory showing that the sale had in fact been made by him in his character of devisee in trust, and no creditor of the estate or distributee objecting, the court should have dismissed the proceeding, and left the sale to stand upon the same footing with other sales made by the trustee as such. By this course the rights and powers of the trustee under the will would have been left undisturbed, and no rights of creditors or distributees — whatever they may be — would have been concluded or affected, except so far as, under the law and the terms of the will, it is in the power of the devisee to bind them by sales made of his own motion.