## In re WILLIAMS' ESTATE.

### (Appeal of MAGEE.)

### No. 15,012; February 14, 1893.

#### 32 Pac. 241.

**Executor's Sale—Advanced Bid.—**An **Executor, as Devisee in Trust,** acting under the provisions of the will, sold property of the estate, and applied to the probate court for a confirmation. Plaintiff filed an advanced bid with the court, whereupon the executor conveyed the property to the first bidder. The court denied confirmation, and ordered and confirmed a sale to plaintiff, he paying the amount of his bid to the executor. The first bidder appealed from the order of confirmation, which was reversed. Plaintiff then filed a petition to compel the return from the estate to him of the money paid to the executor. Held, that plaintiff held no debt or claim against the estate.

**Executors—Allowance of Claim.—**An **Appeal cannot be Taken** to the supreme court from an order dismissing the petition, under Code of Civil Procedure, section 963, subdivision 3, which provides for an appeal from a judgment or order refusing, allowing, or directing the payment of a debt or claim against an estate. In such case plaintiff's remedy is in an action against the executor individually.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

Proceeding by Thomas Magee against the executor of the estate of Thomas H. Williams to recover money paid. From an order dismissing the petition, plaintiff appeals. Affirmed.

W. S. Goodfellow, John A. Stanley and George R. B. Hayes for appellant; Adams & Adams for respondent.

TEMPLE, C.—This appeal is from an order denying and dismissing the petition of appellant for an order that the executor of the estate of Thomas H. Williams restore to him $11,000 purchase money paid for the interest of the testator in certain real estate in pursuance of an order of the court confirming the sale. The executor filed a report of a sale made by him under a power of sale contained in the will. Appellant's agent and assignor thereupon filed in the probate court

an advanced bid. The matter was postponed for some time, but the sale was finally confirmed to appellant's assignor, who thereupon paid $11,000—the amount of his bid—to the executor, who executed and delivered to him a deed in due form. By the will, the real estate had all been devised to the executor, in trust. After the advanced bid was filed, but before the confirmation of the sale to appellant's assignor, the executor, in his capacity of trustee, conveyed the property to the first bidder, who, after appellant had paid his money and had received his deed from the executor, appealed from the order of confirmation to this court. This court held (92 Cal. 183, 28 Pac. 227, 679) that under the circumstances the sale was properly made by the devisee in trust, and therefore reversed the order of confirmation. The remittitur having been filed in the court below, this petition was presented.

The respondent now makes the point that the order dismissing the petition is not appealable. I think the point well taken. If an appeal is allowed in such case, it must be on the ground that appellant has a claim or debt against the estate for the amount so paid to the executor, and that the order dismissing his petition is an order refusing to allow, or refusing to direct the payment of, a debt or claim, within the meaning of the third subdivision of section 963 of the Code of Civil Procedure. It may well be doubted whether appellant's demand is a claim or debt against the estate in any sense. After the order of confirmation was reversed, and the property had been legally sold, and the proceeds accounted for to the estate, it is difficult to see how the executor can be made to account for this amount. But if we examine the section of the code alluded to we shall find that it contains no general language giving this court jurisdiction of appeals from probate rulings, but the appellate jurisdiction is conferred by specially enumerating certain orders and judgments from which appeals may be taken. All refer to acts which the code expressly authorizes, and very nearly in the order in which such action is likely to be taken in the course of administration. Such an enumeration is necessarily a limitation. The words "claim" and "debt" are used interchangeably in the code, as in section 1497, Code of Civil Procedure, and elaborate provision is made, running through many sections, for their presentation, allowance, rejection, and finally for an

order directing their payment: Code Civ. Proc., sec. 1647 et seq. Manifestly, in the subdivision of section 963 reference is made to debts and claims which can be so allowed, rejected, or ordered paid. It will not be contended that the demand of petitioner is of that character, even if it be conceded that it is a demand against the estate. In the case of Stuttmeister v. Superior Court, 72 Cal. 487, 14 Pac. 35, it was held that a demand for an attorney's fee for services rendered the administrator was not a claim within the meaning of section 963, Code of Civil Procedure. In that case the appellate jurisdiction was sustained on the ground that the demand had in fact been presented and allowed, and therefore ranked among the acknowledged debts of the estate. The court said: "In this instance it is apparent the demand was presented, allowed, and ordered paid as a claim against the estate, to be paid, not as costs, but in the due course of administration. When so allowed, it became one of the 'acknowledged debts of the estate, to be paid in due course of administration': Code Civ. Proc., sec. 1497. When thus treated, an order for its payment was appealable, under section 963, supra." The order was held appealable as an order directing the payment of a debt. Whether it was thus rightly held to be a debt or not, in view of section 1643, Code of Civil Procedure, and other sections, may be doubted, but the case is express authority for the proposition that to authorize an appeal under section 963 the order allowing, refusing to allow, or directing the payment of a debt refers to debts and claims, which by the code are expressly mentioned as debts to be allowed, rejected, or ordered paid. Courts may always order the expense of managing trust funds paid from the estate held by the trustee. The debts of an estate, which include all other payments authorized, are classified in section 1643, Code of Civil Procedure. The debt of appellant—if it be one—is not included in that section, unless in the fifth class, which supposition would be absurd. The word "claim" is applied to a demand against an estate, in the code, after it has been allowed as well as before: Code Civ. Proc., secs. 1636, 1645, 1649. In section 1636 it is provided that an heir may contest a claim against an estate upon final settlement of the account of the administrator or executor. If this be a claim against the estate, it should not be ordered paid until the final settlement,

after the heirs or devisees have had an opportunity to contest the appellant's right to it. Whether the payment was voluntary or not raises a question not passed upon by this court on the former appeal.

Whether the probate court had jurisdiction to confirm the sale or not, the money is not now held by the executor for the estate. To recover it from him by suit it would not be necessary to make the estate a party. Any property in the hands of the executor, which is not a legal asset, may be recovered by the rightful owner, without presenting a claim against the estate. So held in People v. Houghtaling, 7 Cal. 348; Gunter v. Janes, 9 Cal. 643; Myers v. Reinstein, 67 Cal. 89, 7 Pac. 192; In re Allgier, 65 Cal. 228, 3 Pac. 849; Stanwood v. Sage, 22 Cal. 517. The decisions seem to be uniform upon this point. Property, though lawfully possessed by the administrator as assets, may be recovered in an action against him individually by one who asserts title adverse to the estate: Merick's Estate, 8 Watts & S. (Pa.) 402; Beach v. Forsyth, 14 Barb. (N. Y.) 499. At first impression, De Valengin v. Duffy, 14 Pet. 282, 10 L. Ed. 457, may seem to be an authority to the effect that a claimant may elect to sue the administrator individually or in his representative capacity. Decedent had been vested by the claimant with the legal title to personal property, which was afterward taken from him wrongfully. After his death his administrator recovered the value of it. The claimant sued to recover the money. Pending the suit the administrator died. The question was whether the suit could be continued against the administrator de bonis non. It was held that it could be, on the ground that the money constituted assets of the estate, and that the administrator de bonis non could recover it as such from the estate of the administrator. It was said the defendant would not be held liable unless he so recovered it, or failed through his neglect. After all, then, it was against the administrator, individually, and the decision is in accord with those quoted from this state. A trustee cannot make the estate liable for his own wrongful act. Suppose the executor had absconded with the money, could it then have been recovered from the estate? Are the beneficiaries of a trust sureties for their trustee? They did not procure the erroneous order. Evidently the mere custody of the funds would not make the beneficiaries of the trust re-

sponsible.    To hold them it must not only appear that it came to the hands of their trustee, but that it has been actually paid to them, or used for the benefit of their estate.    There is no mode in which an action could be brought against the estate upon this demand: Code Civ. Proc., sec. 1500.    No mode is provided in which it could be paid in course of administration. Unless, therefore, it be a claim which could be enforced against the executor individually, the claimant has no remedy.    The only ground upon which it could be plausibly argued that the court had the power to grant the relief prayed for is that the executor is an officer of the court.    This is suggested in the briefs, but, if that be the basis of the power to grant the petition, this order is not appealable.    I think the appeal should be dismissed.

McFARLAND and FITZGERALD, JJ.—For the reasons given in the foregoing opinion the appeal is dismissed.

DE HAVEN, J.—I concur in the judgment.    The order from which this appeal is taken is not appealable.