In the Matter of The ESTATE OF Earnest D. ROZELL, Deceased.

Robert V. REILLY, Appellant,

v.

John R. CARPENTER, Jr., Successor Personal Representative of the Estate of Earnest D. Rozell, Bonham Walker, and Danny McGee, Appellees.

No. 82355.

Court of Appeals of Oklahoma,
Division No. 4.

Sept. 20, 1994.
Certiorari Denied Nov. 30, 1994.

---

Richard James, James, Gilmore & Hodgens, P.A., Stroud, for appellant.

James R. Stout, Yukon, for appellees Bonham Walker and Danny McGee.

TAYLOR, Presiding Judge.

Appellant, Robert V. Reilly, seeks review of the trial court's order confirming the private sale, to Bonham Walker and David McGee, of real property owned by the estate of Earnest Rozell (Decedent), and denying Reilly's motion to vacate the confirmation order. Because we find the trial court abused its discretion by denying Reilly's mo-tion after he made a competitive offer to purchase the property, we reverse.

The record reflects that in October 1988 the trial court issued letters testamentary to Decedent's daughter, Cynthia Tegge, pursuant to the terms of Decedent's will. The will also contained a power-of-sale provision granting the personal representative power to sell, by public or private sale, any real property belonging to Decedent's estate.

In 1992, the trial court dismissed the case for lack of prosecution but reinstated the matter in early 1993 at the request of an estate creditor. Also at the creditor's request, the trial court removed Tegge as personal representative and appointed John R. Carpenter, Jr., as her successor. No special powers were given to Carpenter in the order of appointment. Carpenter filed a general inventory and appraisement valuing the property in question at $12,000.

In August 1993, Carpenter filed a return of sale, which recited that Walker and McGee had contracted to purchase the property at private sale "for the sum of $12,655.00 cash," and that "a greater sum cannot be obtained." The parties' contract for sale was attached to the return and reflected a purchase price of $12,655, with the buyer to pay an unspecified amount of closing costs. The published notice of hearing on the return recited a purchase price of "$12,655.00 cash." On the day of the confirmation hearing, Reilly filed his offer to purchase the property for $13,955 (i.e., more than ten percent over the cash amount stated in the return of sale). The trial court, however, entered its order confirming the sale to Walker and McGee. Reilly moved to vacate the confirmation order, claiming the trial court had not followed the requirements of 58 O.S.1991 § 426. The trial court denied the motion, holding that the sale to McGee and Walker was not a judicial sale and therefore was not subject to the restrictions of section 426.[1]

The dispositive issue on appeal is whether the trial court's refusal to vacate its confirmation order, in the face of Reilly's written offer, was an abuse of discretion. We hold that it was.

---

1. Section 426 provides, in part, that "if an offer of ten percent (10%) more in amount than that named in the return be made to the court in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new

■ Although we find no Oklahoma Supreme Court case directly on point, the language of section 426, read in conjunction with 58 O.S.1991 § 462, strongly suggests that the restrictions of section 426 as to alternate bids apply even if the sale is made under a power of sale. Under section 462, a personal representative acting under a will's power of sale may sell real property of the estate without a court order and on whatever basis or terms the personal representative determines. However, "the executor must make return of such sales as in other cases, unless the sale is made pursuant to Section 239 of this title." 58 O.S.1991 § 462. Neither party argues that section 239 applies here.

■ Section 426, which deals with the return of sale for a sale of real property, requires that (except for section 239 sales) a personal representative "must file a sworn return of his proceedings in the court." As noted above, the statute also provides that if a written offer of ten percent more than the amount named in the return is filed, the court may accept the new offer and confirm the sale or order a new sale. Thus, the trial court is given discretion to act, but that discretion is limited to one of two possible actions: (1) accept the new offer and confirm the sale to the new offeror, or (2) order a new sale. The court is not given discretion to ignore the new offer and proceed with confirmation of the lower offer.

■ The record reflects that in the case at bar, the trial court apparently looked to 58 O.S.1991 § 424, which expressly delineates certain price restrictions that a trial court must follow when a private sale of real estate is made by judicial sale, but not when a sale is made pursuant to a power of sale under a will. Exemption from the *price* restrictions of section 424 does not also extend to exemption from the *alternative bid* restrictions of section 426, however. The trial court had discretion only to accept the new offer *or* order a new sale, and it abused its discretion when it essentially ignored Reilly's offer, confirmed the sale to McGee and Walker, and then refused to vacate its confirmation order. As such, the trial court's decision refusing to vacate its confirmation order is reversed and the matter remanded to the trial court for further proceedings consistent with the reasoning set forth herein.[2]

REVERSED AND REMANDED.

STUBBLEFIELD, J., and REIF, C.J. (sitting by designation), concur.

---

sale." Neither party contends that Reilly was not a "responsible person" under the statute, and this is not at issue on appeal.

**2.** Reilly also alleges as an issue on appeal that the power of sale granted in the will to Cynthia Tegge did not extend such power to any successor personal representative. In his brief on appeal, however, Reilly argues that the power of sale granted in the will should extend to a successor. Neither issue was raised before, or by, the trial court. As such, the issues are not properly before this court and may not be addressed at this time.

Walker and McGee argue that, even though the return of sale and notice reflected a cash price of $12,655, the contract of sale stated the buyer would be responsible for closing costs, and Reilly's offer is insufficient when those costs are added in. Again, however, this issue and argument were not raised in and ruled on by the trial court. We do note, however, that the clear language of the statute makes reference only to gauging the "ten percent" offer by the purchase price recited in the return of sale, without reference to any additional costs.