1999 OK CIV APP 70

**In the Matter of the ESTATE OF Bobbie A. RIGGENS, Deceased,**

**John R. Phillips, as Personal Representative of the Estate of Bobbie A. Riggens, Deceased, Plaintiff/Appellee,**

v.

**Amber Morris Newman, Defendant/Appellant.**

**No. 91,593.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 4, 1999.

David L. Morris, Ada, Oklahoma, For Appellant.

James R. Scrivner, Smith, Shew, Scrivner & Corbin, Ada, Oklahoma, For Appellee.

## OPINION

GARRETT, Judge:

¶1 During her lifetime, Bobbie A. Riggens, deceased, owned an undivided ¼ interest in a house and approximately two acres of land. Her will contained a power of sale. The Personal Representative (PR) of her estate sold this property to Milton O. and Joann Biggs for $2,000.00 at private sale. He filed a return of sale and it was set for hearing on April 15, 1998. Prior to the hearing, Appellant, Amber Morris Newman, a minor, through her father,[1] filed a written bid for the property. She bid $4,000.00, which was 100% in excess of the amount bid by Biggs at the private sale. At the April 15 hearing, the PR announced that the new bid would not be accepted. The court declined to approve the sale to Biggs, rejected Newman's bid, and ordered a new sale, subject to the PR's right to file an application with the court to withdraw this property from sale.

¶2 The PR filed an application to withdraw the property from sale. Appellant filed an objection. After a hearing, the court took the matter under advisement. Later, the court entered an order allowing the PR to withdraw the real property from sale. Newman appeals.

¶3 Appellant cites 58 O.S.1991 § 426. It provides:

Except when a sale is made pursuant to Section 239 of this title, the executor or administrator, after making any sale of real property, must file a sworn return of

his proceedings in the court. The court must fix the day for the hearing of such return, and give at least ten (10) days' notice thereof by one publication in a newspaper in each county in which any part of the real property sold is situated and in the county where the order was made, and by mailing a copy of said notice to all heirs, legatees and devisees of the decedent whose addresses are known, which notice must briefly describe the real property sold, the sum for which it was sold and the name of the purchaser, and must refer to the return for further particulars. Upon the hearing, the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appears that a sum exceeding such bid at least ten percent (10%), exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer of ten percent (10%) more in amount than that named in the return be made to the court in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale.

Under § 426, the court, *in its discretion*, could accept the new bid and confirm the sale, or vacate the sale and order a new sale. *In re Billy*, 1912 OK ——, 34 Okla. 120, 124 P. 608.[2] While it is not material here, the court, in a proper case, may also accept other bids filed by responsible parties for increased sums. The real issue in this case is whether the PR may withdraw the property from sale.

¶4 Appellant contends the court erred by allowing the PR to file an application, after the hearing on the return of sale, to withdraw the property from sale. Neither

1. We specifically do not decide whether a minor is a "responsible person" as required by statute to make a bid. Also, whether a parent may file a bid for his/her minor child in a representative capacity is not made an issue in this appeal and we express no opinion in that respect. Inciden-

tally, the record indicates that said "child" has reached the age of majority and now is an adult.

2. There is no contention of improper notice or irregular proceedings.

party cites decisive authority for or against this proposition and it will not be considered further. *Sisney v. Smalley,* 1984 OK 70, 690 P.2d 1048, 1051. However, absent specific authority or special circumstances, permitting parties to file pleadings is normally a discretionary matter for the court.

¶ 5 Appellant contends the court erred by allowing the PR to withdraw the property from sale. However, Appellant has not shown that the PR had any duty to sell this property for the estate. There was no showing that a sale of estate property was necessary to obtain funds to pay taxes, debts or expenses of administration, or some other necessity. There was no court order requiring or authorizing a sale. The sale was authorized but not required by decedent's will, and it was discretionary with the PR. Apparently, this is a matter of first impression in Oklahoma. Other than the statutes, neither party has cited decisive authority, and this court knows of none.

¶ 6 The parties cite, discuss and each tries to draw favorable conclusions from *In re Williams' Estate,* 92 Cal. 183, 28 P. 227 (1891), and *In re Bohanan,* 1913 OK ——, 133 P. 44. We are not helped by either case because they are readily distinguishable from the instant case. Williams involved an estate where the Executor was also a trustee and sold the subject estate property as trustee and not as an Executor. The California Court held that probate statutes did not apply. Bohanan was a guardianship wherein the guardian sold property pursuant to a court order. On return of sale, additional and higher bids were filed. The court said it would accept the highest bid, but before an order was entered another and higher bid was filed. The Oklahoma Court said the court abused its discretion in refusing to accept the last and highest bid. *Williams* and *Bohanan* are not in point.

¶ 7 In this case the discretion to sell or not to sell was vested in the PR and not the court. There was no contract with Newman. The Biggs are not parties to this appeal. However, their contractual rights ceased to exist when the court declined to approve the sale to them. We see no authority which prevents the PR from exercising his discretion and changing his mind as to sale of the subject property, if it is done before the court enters a confirmation order or before a contract between Appellant and the PR was executed. Therefore, we hold that the trial court properly permitted the PR to withdraw the property from sale.

¶ 8 AFFIRMED.

BUETTNER, P.J., and JOPLIN, J., concur.