2009 OK CIV APP 45

**In the Matter of the ESTATE OF Wilma MARKES, Deceased.**

**Kenneth Markes and Patrick Markes, Individually and as heirs at law to the Estate of Wilma Markes, Deceased, and Kathy Grim and Debbie McClurg, Personal Representatives to the Estate of Wilma Markes, Deceased, Appellants,**

v.

**Melvin MARKES, Leroy Markes, Sharon Crane, Susan Garrett, Amy Gragg, and Margaret Lovell, Individually and as heirs at law to the Estate of Wilma Markes, Deceased, Appellees.**

**Nos. 105,462, 105,463.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 26, 2009.

Certiorari Denied April 27, 2009.

Glenn A. Devoll, Julia C. Rieman, Gungoll, Jackson, Collins, Box & Devoll, P.C., Enid, OK, for Appellants Kenneth Markes and Patrick Markes.

Roger L. Johnston, Enid, OK, for Appellants Kathy Grim and Debbie McClurg.

Brian N. Lovell, Crowley Martin & Lovell, Enid, OK, for Appellees.

JANE P. WISEMAN, Judge.

¶ 1 Kenneth Markes, Patrick Markes, Kathy Grim, and Debbie McClurg (collectively, Appellants) appeal from an order of the trial court refusing to confirm a sale of real property belonging to Wilma Markes (Decedent). The central issue on appeal is whether the trial court erred in finding that the personal representatives' exercise of the power of sale contained in Decedent's will was subject to a finding of necessity pursuant to 58 O.S.2001 § 411. After reviewing the record on appeal and the relevant law, we conclude that a finding of necessity was not required, and as a result, the trial court erred in refusing to confirm the sale. We reverse and remand with instructions for the trial court to enter an order confirming the sale to Kenneth and Patrick.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Debbie and Kathy (collectively, Representatives) are the co-personal representatives of the estate of Decedent who died testate on November 25, 2006. Leroy Markes, Sharon Crane, Amy Gragg, Susan Garrett, and Margaret Lovell (collectively, Appellees) and Appellants are the surviving

children of Decedent. Melvin Markes is Decedent's surviving spouse.

¶ 3 Decedent's will named Kathy and Debbie as the co-personal representatives of her estate. The estate consisted primarily of two farms in Garfield County[1] which "were subject to a long-term farm lease agreement that had been executed by the Decedent in favor of her sons, ... [Kenneth and Patrick]." The lease agreement is due to expire in 2018.

¶ 4 The will contained a power of sale clause which stated as follows:

In addition to all other legal powers, the personal representative and trustee shall have the power to sell at public or private sale or mortgage or lease, to anyone, without prior Court approval, and upon such terms as either deems most advantageous, the whole or any part of my estate.

Pursuant to this power of sale, Representatives sold the farms to Kenneth and Patrick at their fair market values ($105,000 and $101,000) as appraised by three independent appraisers. Three of the siblings objected to the sale claiming, among other things, that the appraisal valued only the surface interests and not the mineral interests and that the siblings had "obtained a higher bid for the ... realty for the surface estate only." Representatives withdrew the property from sale before confirmation.

¶ 5 Counsel for Appellees subsequently submitted a bid from a third party, The Anderson Companies,[2] for $252,500 for both farms including minerals. Kenneth and Patrick then submitted a new bid of $252,600 and Representatives again asked the trial court to confirm that sale. Appellees[3] filed a second objection claiming that "the value of the land, absent the leases, is far greater than the sum being tendered for purchase by.... [Kenneth and Patrick] to the detriment of all other siblings." Appellees also objected to the sale on the basis of necessity.

¶ 6 The trial court concluded, "I see no exception for determining a necessity must exist before property is sold under power of sale.... In this fact situation, I do not find prudence dictating this property to be sold." The trial court refused to confirm the sale finding that the power of sale provision "is still subject to a finding of necessity by the Court, as expressed by [58 O.S.2001 § 411]" and that no necessity exists. The trial court also stated that it "is not convinced that the proposed private sale ... will satisfy the fiduciary requirements of the Personal Representatives to all of the heirs of the estate."

¶ 7 The trial court denied the motions to reconsider filed by Representatives and by Kenneth and Patrick. This appeal followed.

## STANDARD OF REVIEW

¶ 8 "Probate proceedings are of equitable cognizance." *In re Estate of Holcomb*, 2002 OK 90, ¶ 8, 63 P.3d 9, 13. "The emphasis of the judicial process from beginning to end is to discern and effectuate the decedent's dispositive intent." *Id.* We will not disturb the trial court's decision unless it is "found to be clearly contrary to the weight of the evidence or to some governing principle of law." *In re Estate of Maheras*, 1995 OK 40, ¶ 7, 897 P.2d 268, 271–72. We are required to review questions of law, such as the construction of statutes, under a *de novo* standard of review. *In re Estate of Jackson*, 2008 OK 83, ¶ 9, 194 P.3d 1269, 1272.

## ANALYSIS

¶ 9 Appellants first contend that the trial court's finding that a power of sale provision in a will is subject to a necessity requirement was error. We agree.

¶ 10 Title 58 O.S.2001 § 462 provides as follows:

When property is directed or authorized by the will to be sold or dealt with in any other manner by the executor, the execu-

---

1.  Decedent inherited the farms from her father, and at the time of her death, title to the farms was in Decedent's name only.

2.  The Anderson Companies' bid is presumably the "higher bid" Appellees referred to in their

objection to the Representatives' sale to Kenneth and Patrick.

3.  The first objection was filed by three of the siblings. The second objection was filed by all five Appellees.

tor may sell or otherwise deal with any property of the estate *without the order of the court on such basis and on such terms as the executor may determine;* but the executor must make return of such sales as in other cases, unless the sale is made pursuant to Section 239 of this title. If directions are given in the will as to mode of selling, or the particular property to be sold, such directions must be observed. No title passes unless the sale is confirmed by the court, except if the sale was made pursuant to Section 239 of this title, then no confirmation of the sale by the court is necessary.

(Emphasis added.) Decedent's will contained a power of sale provision allowing Representatives to sell Decedent's property "without prior Court approval." Section 462 also allows Representatives to sell the property "without the order of the court."

¶ 11 Section 462 does require Representatives to make return of the sale "as in other cases." The procedure for a return of sale is found in 58 O.S.2001 § 426. It states:

Except when a sale is made pursuant to Section 239 of this title, the executor or administrator, after making any sale of real property, must file a sworn return of his proceedings in the court. The court must fix the day for the hearing of such return, and give at least ten (10) days' notice thereof by one publication in a newspaper in each county in which any part of the real property sold is situated and in the county where the order was made, and by mailing a copy of said notice to all heirs, legatees and devisees of the decedent whose addresses are known, which notice must briefly describe the real property sold, the sum for which it was sold and the name of the purchaser, and must refer to the return for further particulars. Upon the hearing, the court must examine the return and witnesses in relation to the same, and· *if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appears that a sum exceeding such bid at least ten percent (10%), exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be*

*had,* of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer of ten percent (10%) more in amount than that named in the return be made to the court in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale.

(Emphasis added.)

¶ 12 The property in question appraised at $206,000 independent of the minerals. Kenneth and Patrick's first bid, which Representatives eventually withdrew from confirmation, was in the amount of $206,000. The subsequent bid by the third party was for $252,500 including minerals, and Kenneth and Patrick's second bid was for $252,600. Appellants' higher bid also included the value of the minerals and was calculated as follows:

The appraisers' figures were averaged together and then the Personal Representatives added thereto the value of the minerals as determined under the Oklahoma Tax Commission's guidelines of multiplying the past annual gas production by seven (7) years and oil production by four (4) years to obtain an adjusted sale value for the farms of $229,129.00.

As noted by Appellants, the sale price to Kenneth and Patrick was "well above the adjusted sale value for the farms" and there were no higher bids.

¶ 13 We agree with Appellants that "[t]he confirmation provisions of § 426 do not contemplate that at time of a hearing on a return of sale the court may reconsider whether the property should be sold at all." Pursuant to the power of sale specifically granted in the will, the authority and discretion to sell property of the estate were vested solely in Representatives, subject to the confirming power of the probate court. As stated in *In re Estate of Riggens,* 1999 OK CIV APP 70, ¶ 7, 986 P.2d 1154, 1156, "[i]n this case the discretion to sell or not to sell was vested in the [personal representative] and not the court."

¶ 14 Appellees argue that the trial court "has an obligation to inquire into the proceedings surrounding the sale" and that the trial court is not merely there to "rubber

stamp" confirmations involving powers of sale. The issue raised by Appellees, as pointed out in *In re Estate of Rozell*, 1994 OK CIV APP 141, ¶ 6, 886 P.2d 1004, 1006, is whether the restrictions of § 426 on confirmations of sale apply if the sale is made under a power of sale by which a testator gives the personal representative the power to sell on whatever terms the representative determines best. The Court in *Rozell*, faced with a trial court's refusal to confirm a higher bid or to order a new sale, concluded that the restrictions on the court in § 426 as to alternate bids applied even if the sale was made under a power of sale.[4]

¶ 15 One may fairly say that to read the language in § 462 ("the executor must make return of such sales [under a power of sale] as in other cases") to mean that the court must determine whether the sales price is proportionate and entertain additional offers at the confirmation hearing would essentially render useless the testator's grant of a power of sale and could defeat the testator's intent. Too broad a construction of § 426 would extend the court's authority beyond that necessary to protect the estate and would invade the personal representative's authority derived from the testator independent of the probate court. Although the parties raise the reach of § 426 in their briefing, we decline to address this issue dispositively because we see nothing in our review to conclude that the requirements of § 426 were not met in this sale.

¶ 16 We conclude that, having found that the trial court erroneously applied the requirement of necessity to a power of sale provision, there is no evidence in the record on which the trial court could find that confirmation should be denied. Under our review of the record in this case, the evidence presented by Appellants establishes that the sale to Kenneth and Patrick met the requirements of § 426, and accordingly, the trial court should have confirmed the sale.

4. Although the Oklahoma Supreme Court in *O'Neal v. James*, 1957 OK 126, ¶ 17, 312 P.2d 889, 893, stated: "It was for the [trial court] to determine if the sale [under a power of sale] had been legally and fairly conducted, at a price not

¶ 17 After our *de novo* review of the applicable statutes, we find that the Oklahoma statutes do not require a finding that the sale was necessary for the exercise of a power of sale provision in a will to be valid. Decedent's intent was to allow Representatives to sell property without prior order of the trial court subject only to confirmation of such sale. There is no evidence in the record on which the trial court could rely to deny the confirmation of this sale.

## CONCLUSION

¶ 18 We therefore hold that the trial court erred in refusing to confirm the sale of the property to Kenneth and Patrick. Since this issue is dispositive, we do not find it necessary for us to address Appellants' other issues on appeal. We reverse and remand the matter to the trial court with instructions to enter an order confirming the sale of the property to Kenneth and Patrick.

¶ 19 **REVERSED AND REMANDED WITH INSTRUCTIONS.**

GOODMAN, P.J., and FISCHER, J., concur.

disproportionate to the value of the property bid and that a greater sum could not be obtained," it does not appear that the extent of the trial court's confirmation authority over such a sale was specifically raised as an issue in the case.